[No. 11349.    Department Two.    October 10, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Ann Wood, Petitioner*, v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al., Respondents*.[1]

PROHIBITION—WHEN LIES—TO COURTS — JURISDICTION. Prohibition lies to prevent the superior court from proceeding with the contest of a will without having first acquired jurisdiction.

WILLS—CONTEST—LIMITATIONS—JURISDICTION. The superior court has no jurisdiction to hear and determine a will contest begun after the time limited by law for instituting the contest, either in probate or as a court of equity.

WILLS—PROBATE—CONTESTS—LIMITATION. Where a will was admitted to probate July 12, 1911, the court has no jurisdiction to entertain a petition to probate a later will filed on July 13, 1912, as the same is not within time, under Rem. & Bal. Code, §§ 1307, 1309, requiring a will contest to be filed within one year after the probate of the will.

SAME—COMPUTATION OF TIME—JUDGMENT—ENTRY. Where the clerk's minutes recite that a will was admitted to probate on July 12, 1911, and on that date the court signed an order admitting the will to probate and issued a certificate of probate, the will was admitted to probate on that day, although the order was not filed with the clerk until July 13; in view of Rem. & Bal. Code, § 1297, providing that, when a will is exhibited to be proven, the court may immediately receive proof and grant a certificate of probate.

Application filed in the supreme court, July 7, 1913, for a writ of prohibition to the superior court for Chelan county,

[1]Reported in 135 Pac. 494.

Grimshaw, J., to prohibit the court from proceeding with a will contest. Writ granted.

*Kemp & Baker*, for petitioner.

*Reeves, Crollard & Reeves*, for respondents.

MAIN, J.—This is an original application to this court for a writ of prohibition to be issued to the superior court for Chelan county and the Honorable Wm. A. Grimshaw, judge.

From the petition and affidavit of the petitioner, filed herein on July 7, 1913, it appears: That on March 8, 1911, Julia Sackett died testate, in Chicago, Cook county, Illinois; that the petitioner herein is the sister of the deceased; that on June 30, 1911, the petitioner herein presented and filed in the superior court for Chelan county the last will and testament of the deceased, together with a petition asking that the same be admitted to probate; that, under and by virtue of the will, the petitioner was the sole devisee and legatee; that the superior court thereupon fixed the 12th day of July, 1911, as the date of the hearing of the petition for probate, and ten days' notice of such hearing was thereupon given by posting notices thereof in three of the most public places in Chelan county; that on July 12, 1911, a full and complete hearing of the petition for probate was had; that thereupon on that day the clerk of the superior court entered in the minutes of the court that the court ordered that the will be admitted to probate and that letters be issued to Ann Wood, the petitioner herein, and fixing her bond at $6,000; that, on the same day, the court made and signed its certificate of probate of the will and a formal written order admitting the will to probate, which certificate and order were filed with the clerk on July 13, 1911; that thereafter and on July 13, 1911, the petitioner herein qualified as executrix of the will by filing a good and sufficient bond in the designated sum of $6,000, and by executing the oath required by law; that on the same day letters testamentary were issued to her as such executrix; that such executrix thereupon proceeded with the discharge of her

duties, and after order duly made, gave notice to creditors to file claims and published the same according to law, the first publication thereof being made on September 8, 1911; that on July 13, 1912, one C. A. Burgess filed with the clerk of the superior court his petition proposing for probate a purported later will of the deceased, which will was dated March 7, 1911, and "Dr. C. A. Burgess of Chicago, Ill." being designated as executor; that petitioner herein, as executrix, thereupon filed a motion to strike the petition of C. A. Burgess, and asked that his proceeding be dismissed upon the ground that it showed upon its face that it was a petition to contest the validity of the prior will, and a proceeding to set aside and revoke the probate of the former will had on July 12, 1911, and as such, was barred by the one year limitation relating to the contest of probate of wills, and therefore, that the superior court was without jurisdiction to entertain the proceeding; that on September 18, 1912, this motion was denied; that, over the objection and exception of the executrix, the superior court permitted C. A. Burgess to file an amended petition; that the executrix thereupon demurred thereto, on the ground that the court had no jurisdiction of the subject-matter of the Burgess petition, and also upon the ground that the proceeding had not been commenced within the time limited by law, as appeared from the petition itself, and upon the ground that the petition did not state facts sufficient to constitute a cause of action for grounds of contest because of the date of its filing, which demurrer was on October 2, 1912, overruled; that thereafter the executrix filed an amended answer to the amended petition, and to the affirmative matter set out in the amended answer, C. A. Burgess filed a reply; that thereafter the executrix moved for judgment on the pleadings on the ground that the allegations thereof showed conclusively that the contest proceeding was barred because not filed within one year after the probate had on July 12, 1911, which motion was on June 19, 1913, denied; that the administration of the estate under the will probated July 12, 1911, has been prac-

tically completed and the estate ready to be closed and dis-. tributed according to the terms of the will; that, over the objections and exception of the executrix, the contest proceeding has been brought to issue, and if the respondents are not prohibited from proceeding with the same, the executrix will have to go to trial thereon to the great expense and detriment of the estate; that the petitioner herein has no other speedy or adequate remedy, and that the proceedings of the court in the contest proceeding are without and beyond its jurisdiction, and void.

To the petition and affidavit, the respondent on July 11, 1913, filed a demurrer upon the ground that it does not state facts sufficient to entitle the petitioner to the relief demanded.

The questions to be determined are: First, if the superior court failed to acquire jurisdiction, will the writ issue? Second, if the contest was not instituted within the time fixed by statute, can the court acquire jurisdiction? And, third, was the contest instituted in time?

I. It is contended that there is a plain, speedy and adequate remedy by appeal, and for that reason the writ in any event should not issue. But the law appears to be that, where the court is proceeding with a case without first having acquired jurisdiction, it presents a proper case for the invocation of the writ of prohibition. *White v. Superior Court*, 126 Cal. 245, 58 Pac. 450; *State ex rel. Alladio v. Superior Court*, 17 Wash. 54, 48 Pac. 733; *State ex rel. Mackintosh v. Superior Court*, 45 Wash. 248, 88 Pac. 207. In the case last cited, speaking of the proper function of the writ, it is said:

"The function of a writ of prohibition is to arrest proceedings which are without, or in excess of, jurisdiction, and not to review errors in matters of procedure where jurisdiction exists."

II. Where the statute authorizes the contest of a will, and specifies the time within which such contest may be instituted, the court has no jurisdiction to hear and determine a contest begun after the expiration of the time fixed in the

statute; neither does a court of equity have power to entertain such jurisdiction. Page, Wills, § 321; *Sinnet v. Bowman*, 151 Ill. 146, 37 N. E. 885; *Wheeler v. Wheeler*, 134 Ill. 522, 25 N. E. 588, 10 L. R. A. 613.

In the case last cited, the court uses this language:

"It is the established doctrine, that, independently of statutes authorizing it, courts of equity have not, under their general chancery powers, jurisdiction to entertain a bill to set aside a will or the probate thereof. [Citing authorities.] We therefore held in *Luther v. Luther*, 122 Ill. 558, that as the jurisdiction of courts of equity, in this state, to entertain bills to set aside the probate of wills, is derived exclusively from the statute, such jurisdiction can only be exercised in the mode and under the limitations therein prescribed, and that the time limited within which bills for that purpose might be brought was jurisdictional, and the bill must be exhibited within the period thus limited, or the court is without power to entertain the same."

III. The final question then is, Was the present contest begun in time. In Rem. & Bal. Code, § 1307 (P. C. 409 § 115), it is provided that,

"If any person interested in any will shall appear within one year after the probate or rejection thereof, and, by petition to the superior court having jurisdiction, contests the validity of said will, or pray to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make last will and testament, or respecting the execution by the deceased of such last will and testament under restraint or undue influence or fraudulent representation, or for any other cause affecting the validity of such will."

And by § 1309 (P. C. 409 § 119), that,

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding, save to infants, married women, persons absent from the United States, or of unsound mind, a period of one year after their respective disabilities are removed."

These statutes authorize the contest, but require that it be instituted within one year after the probate of the will. From the facts above stated, it appears that the hearing upon the application to probate took place on July 12, 1911. On this date the clerk's minutes recite that the will was admitted to probate. The court also signed an order admitting the will to probate, which recited that it was "Done in open court this 12th day of July, 1911." The certificate of probate also recites that the will was admitted to probate on the 12th day of July, 1911, and was signed on that date. The order admitting the will to probate and the certificate of probate were not filed with the clerk until July 13, 1911. The present contest was instituted on July 13, 1912. If, therefore, the will was admitted to probate on the 12th day of July, 1911, the contest was not begun in time. On the other hand, if the will was not admitted to probate until July 13, 1911, the date the order and certificate were filed with the clerk, then the contest was begun within the period of one year, as allowed by statute. When, then, was the will admitted to probate? Rem. & Bal. Code, § 1297 (P. C. 409 § 95), provides:

"When any will is exhibited to be proven, the court may immediately receive the proof and grant a certificate of probate, or if such will be rejected, issue a certificate of rejection."

This statute would seem to contemplate that the will was admitted to probate at the time the court performs the judicial act of admitting it, and not on a subsequent date when the order may be filed in the clerk's office. The case of the *Matter of Parsons' Estate*, 159 Cal. 425, 114 Pac. 570, is very much in point. In that case the order admitting the will to probate recited that it was made on the 4th day of May, 1908. It was not filed, however, until May 12th following. On May 7, 1909, a contest was instituted. The statutes of California provide that a contest of a will must

be begun within one year after its probate. The court in passing upon the matter said:

"The order admitting the will to probate is in the usual form, is signed by the judge and declares that it was 'done in open court this 4th day of May, 1908.' The certificate of the judge attached to the will bears the same date. These certainly constitute ample evidence that the will was admitted to probate on that date. The certificates of filing show that both documents were filed on May 12, 1908. This does not prove that the order was not made on May 4th, or that it was not made until May 12th. The filing by the clerk of an order signed by the judge is not an essential or necessary part of the making of an order, or of the admission of a will to probate. It is well settled that such order need not be signed or filed. The proper record thereof is in the minutes of the court. If the entry in the minutes is considered a necessary part of the making of such order the point would not aid the appellant, for the transcript does not show when it was entered. If the clerk has performed his duty, as we must presume he did in the absence of any evidence to the contrary, he entered the order in the minutes immediately after it was made. However this may be, upon this appeal and upon this record we must consider as conclusive the recital in the order appealed from, which has the effect of a finding, that the proofs upon the hearing showed that the will was admitted to probate on May 4, 1908. The contest, being filed more than a year thereafter, was unauthorized and the proceeding was properly dismissed."

Inasmuch as the contest in the present case was not instituted within the year provided by statute, and the court thereby failed to acquire jurisdiction, it presents a proper case for the authorization of a writ of prohibition. Let the writ issue as prayed for.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.