[No. 13140. *En Banc.* December 15, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Anna Hopman, Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Respondent.*[1]

PROCESS—PERSONAL SERVICE OUTSIDE STATE—JURISDICTION—STATUTES. Rem. & Bal. Code, § 234, authorizing personal service out of the state in certain cases and providing that the same shall be equivalent to service by publication, is in derogation of the common law requirement of personal service within the jurisdiction of the court, and must be strictly complied with, under the rule of strict construction of statutes authorizing service by publication.

SAME. The right to personal service outside of the state must be specially conferred by statute, and hence is not given by Rem. & Bal. Code, § 69, which, without in terms authorizing service outside the state, provides that, when jurisdiction is conferred on a court, all the means to carry it into effect are also given, and if the means be not specially pointed out, any suitable process most conformable to the spirit of the code may be adopted.

SAME. An attempt to bring in a nonresident as a party defendant to a garnishment proceeding, by personal service outside of the state, must fail where there was no compliance either with Rem. & Bal. Code, § 228, authorizing service by publication, or with Id., § 234, providing for personal service outside of the state as the equivalent of publication.

APPEARANCE—SPECIAL OR GENERAL APPEARANCE. Where a nonresident, served personally outside of the state with notice to appear and defend a garnishment proceeding, appears specially, objecting to the jurisdiction of the court, and moves to quash the notice directed to her, without invoking the jurisdiction of the court on the merits, the appearance was special, and does not confer jurisdiction upon the court.

[1]Reported in 153 Pac. 315.

PROHIBITION—TO COURTS—PROCEEDINGS WITHIN JURISDICTION. Prohibition lies to prevent a court from proceeding with the trial of a cause without having first acquired jurisdiction of the person of the defendant, either by service of process or appearance; since the jurisdiction did not depend upon a disputed fact to be determined by it.

Application filed in the supreme court October 22, 1915, for a writ of prohibition to the superior court for Snohomish county, Alston, J., to prohibit the court from proceeding with a cause. Writ granted.

*Cooley & Horan* and *R. Mulvihill*, for relator.

*E. W. Klein* and *Coleman & Fogarty*, for respondent.

MAIN, J.—This is an original application in this court for a writ of prohibition directed to the superior court for Snohomish county, and the Honorable Guy C. Alston, one of the judges thereof.

The facts which authorize the issuance of the writ prayed for, if such writ is to be issued, are as follows: On July 23, 1910, one Franz Schoenheider, being then the owner of a tract of land in Snohomish county consisting of approximately eighty acres, sold the same upon contract to one Henry Arnold. On July 9, 1914, in an action pending in the superior court for Snohomish county in which Martha Dehne was plaintiff and Franz Schoenheider was defendant, a judgment was entered in favor of the plaintiff and against the defendant in the sum of $8,000. Thereafter, and on the 11th day of August, 1914, the plaintiff caused a writ of garnishment to be issued and served upon Henry Arnold, who had contracted to purchase the land mentioned from Schoenheider. At the time this writ was served, Arnold owed upon the contract a balance of $2,900 and interest. After the service of the writ of garnishment, and on the 29th day of August, 1914, Arnold answered the same, denying that he was indebted to Schoenheider in any sum whatever, or that he had any effects in his possession or under his control be-

longing to Schoenheider. This answer was controverted by
a reply. Upon the issue thus framed, the cause came on to
be heard before the superior court. At this hearing it de-
veloped from the evidence that, on April 22, 1913, Schoen-
heider had transferred all his rights to the purchase money
under the contract of sale to one Anna Hopman, a resident
of Cook county, Illinois. As stated in the answer here to the
application for a writ of prohibition, the trial judge was of
the opinion that the transfer to Anna Hopman was without
consideration, and was made for the purpose of defrauding
the creditors of Schoenheider, and particularly the plaintiff
in the action wherein judgment had been obtained against
him for $8,000.

On the 1st day of March, 1915, the trial court entered an
order in which it was recited that Anna Hopman was a neces-
sary party to the action, and that notice thereof, together
with a copy of the order directing notice, should be served
upon her, either personally, or by publication. It was fur-
ther recited in the order that if she should fail to appear in
the action and defend her title to the land contract, and the
money due thereon, that judgment "may be rendered against
the said Henry Arnold and in favor of the plaintiff, and that
such judgment shall be a complete discharge to the said
Henry Arnold from all liability for the amount remaining
due upon said land contract."

It was then adjudged in the order that Anna Hopman
"be and she is hereby made a party defendant in said gar-
nishment proceeding." It was also adjudged that service
of process should be made upon Anna Hopman as a non-
resident of the state of Washington. The order contained a
form of notice for publication, and also a form of notice for
personal service. The order for personal service required
Anna Hopman to appear within sixty days after the date of
the service of the notice and a copy of the order upon her
and serve "a copy of your answer to said proceedings" upon
the attorneys for the plaintiffs in the original action, giving

their names and postoffice addresses.   This notice, under the
order of the court, was issued by the clerk thereof, and was
subsequently personally served upon Anna Hopman in Cook
county, Illinois.

On the 21st day of May, 1915, Anna Hopman, respond-
ing to the notice, appeared specially in the action and ob-
jected to the jurisdiction of the court, and moved the court
to quash the notice directed to her, on the ground that the
same was not authorized by law.   The motion to quash the
service was overruled by the trial court.   No writ of gar-
nishment was ever served upon Anna Hopman, nor was any
other service of any process made upon her other than the
one mentioned.   After the trial court had overruled the mo-
tion to quash the service, this action was begun on the rela-
tion of Anna Hopman, praying for a writ of prohibition di-
rected against the superior court for Snohomish county, as
already indicated.

The application presents three questions: First, was the
trial court proceeding to determine Anna Hopman's right to
the money due from Arnold under the contract of sale with-
out first having acquired jurisdiction of her?   Second, if the
service of the personal notice and a copy of the order in
Cook county, Illinois, did not confer jurisdiction, did the
appearance entered in the superior court amount to a gen-
eral appearance?   And third, if no jurisdiction was acquired
by the service, and the appearance did not amount to a gen-
eral appearance, is the relator entitled to the writ of pro-
hibition here sought?

I.   Section 228, Rem. & Bal. Code (P. C. 81 § 149), pro-
vides the cases wherein a defendant to an action prosecuted
in the courts of this state, and such defendant not being a
resident herein, may be served by publication.

Section 234 provides that:

"Personal service on the defendant out of the state shall
be equivalent to service by publication, and the summons
upon the defendant out of the state shall contain the same as

personal summons within the state, except it shall require the defendant to appear and answer within sixty days after such personal service out of the state."

The respondent here, the plaintiff in the action in the superior court, in causing Anna Hopman to be served personally in Cook county, Illinois, did not proceed under this section of the statute, and does not claim to have so proceeded. The sections of the statute relied on as justifying the procedure are §§ 196 and 69 of Rem. & Bal. Code.

Section 196 provides:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in."

Section 69 provides:

"When jurisdiction is, by the constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

Statutes authorizing constructive service of process by publication in certain cases where personal service cannot be had exist in many if not all of the states of the union. These statutes are in derogation of the common law, and hence are to be strictly construed and closely observed. 32 Cyc. 467; *Jordan v. Giblin*, 12 Cal. 100; *Cohn v. Kember*, 47 Cal. 144; *Beckett v. Cuenin*, 15 Colo. 281, 25 Pac. 167, 22 Am. St. 399; *Gilmore v. Lampman*, 86 Minn. 493, 90 N. W. 1113, 91 Am. St. 376; *Harness v. Cravens*, 126 Mo. 233, 28 S. W. 971; *Hafern v. Davis*, 10 Wis. 443.

Section 234, Rem. & Bal. Code (P. C. 81 § 161), above quoted, authorizes personal service out of the state, and pro-

vides that the same "shall be equivalent to service by publication." Statutes which authorize personal service upon a party out of the state are likewise in derogation of the common law requirement of personal service within the jurisdiction of the court, and are to be construed with like strictness as are statutes which authorize service by publication. 19 Ency. Plead. & Prac., p. 611; *Hedrix v. Hedrix*, 103 Mo. App. 40, 77 S. W. 495; *Jennings v. Johnson*, 148 Fed. 337.

In 32 Cyc. 489, the rule relative to service of process outside of the state is stated thus:

"Personal service outside the state is frequently provided for by statute as a substitute for and an equivalent to service by publication, but no jurisdiction over the person of the defendant is acquired thereby unless defendant actually appears. The procedure is wholly statutory, and the provisions of the statute must be observed as carefully as in case of service by publication."

It would seem clear, therefore, if the right to serve personally without the state exists, it must be specially conferred by statute. Section 69 of Rem. & Bal. Code (P. C. 127 § 29), under which it is claimed the procedure adopted in this case is authorized, does not in terms confer upon the court the power to adopt a process for the purpose of acquiring jurisdiction of a nonresident defendant. Whatever may be the power of the court under that section of the statute relative to the issuing of process which shall be served within the territorial boundaries of the jurisdiction of the court, its meaning cannot be stretched to include the power to adopt a process for the purpose of acquiring jurisdiction where the defendant is without the state.

Whether the court had the power in the garnishment proceeding to direct that a complaint be filed therein charging that the transfer to Anna Hopman was fraudulent, and ordering that substituted service be had upon her in Cook county, Illinois, either under the sections of the statute authorizing such service by publication, or the section of the

statute providing for personal service without the state, is a question not now properly before us, and upon which we express no opinion.

II. As appears in the facts stated, Anna Hopman entered a special appearance, objecting to the jurisdiction of the court to make or enter any order affecting her rights, and moved the court to quash the notice directed to her. The respondent here claims that this appearance was equivalent to a general appearance, and, therefore, conferred jurisdiction upon the trial court. The relator claims that, by the appearance, no jurisdiction was conferred to determine any question relative to the merits of the action. The rule upon this question appears to be that, where an appearance is denominated special, and invokes the aid of the court not only on jurisdictional grounds, but over the subject-matter of the action, the appearance will be deemed general, even though called special.

In *Teater v. King*, 35 Wash. 138, 76 Pac. 688, speaking upon this question, it was said:

"The appearance of the appellant was in form special, for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits, when he asked for a dismissal. A party desiring to successfully challenge jurisdiction over his person should not call into action the powers of the court over the subject-matter of the controversy. By so doing he waives his special appearance, and will be held to have appeared generally."

In *Bain v. Thoms*, 44 Wash. 382, 87 Pac. 504, it was said:

"In the motion wherein appellants assumed to appear specially they did not ask to have the service of summons and complaint quashed, nor did they confine themselves to a prayer for the setting aside of the default and judgment, but they prayed that the judgment be set aside and that the action be dismissed, and that they have judgment for costs and disbursements, and such other relief as to the court might seem just; and they based their motion upon the records,

files and certain affidavits, some of the latter setting forth facts going to the merits of the controversy. We think their appearance must be construed to be general."

In the present case, Anna Hopman did not ask for the dismissal of the action, or for costs, and did not invoke the jurisdiction of the court upon the merits. Her appearance was confined solely to an objection to the jurisdiction of the court, and a motion to quash the service. This, we think, does not bring it within the rule of the cases which hold that an appearance, though called special, will be deemed general when the jurisdiction of the court upon the merits is invoked.

III. From what has already been said, it appears that the court was proceeding without first having acquired jurisdiction, either by service of the process upon Anna Hopman in Cook county, Illinois, personally, or by the appearance which she subsequently entered. The rule appears to be well settled that, where the jurisdiction of the court does not depend upon some controverted fact to be determined by it, and the court is proceeding without or in excess of its jurisdiction, the writ of prohibition will lie. *State ex rel. Fidelity & Deposit Co. v. Superior Court*, 87 Wash. 498, 151 Pac. 1094; *State ex rel. Wood v. Superior Court*, 76 Wash. 27, 135 Pac. 494.

In the case last cited, speaking upon this question it was said:

"It is contended that there is a plain, speedy and adequate remedy by appeal, and for that reason the writ in any event should not issue. But the law appears to be that, where the court is proceeding with a case without first having acquired jurisdiction, it presents a proper case for the invocation of the writ of prohibition. [Citing authorities]."

The writ will issue for the purpose of preventing the superior court from proceeding with the cause as against Anna Hopman.

MORRIS, C. J., MOUNT, HOLCOMB, ELLIS, FULLERTON, and PARKER, JJ., concur.