[No. 14019. Department One. July 21, 1917.]

THE STATE OF WASHINGTON, *on the Relation of H. N. Martin,*
*Plaintiff*, v. THE SUPERIOR COURT FOR GRANT COUNTY,
*Respondent.*[1]

PROHIBITION—ADEQUATE REMEDY AT LAW—DENIAL OF CHANGE OF
VENUE—JURISDICTION. Rem. Code, §§ 207-209, providing for a change
of venue of a transitory action to the county of defendant's resi-
dence grants a right independent of the merits, the assertion of
which, under undisputed facts, ousts the court of jurisdiction to hear
and determine the cause; and the remedy by appeal, where the
court denies the application on admitted facts and insists upon pro-
ceeding with the cause, is not adequate within the meaning of Rem.
Code, §§ 1027, 1028, authorizing prohibition where a tribunal is act-
ing without or in excess of jurisdiction, and there is no plain,
speedy and adequate remedy at law.

VENUE—CHANGE—TRANSITORY ACTIONS. An action to cancel a
mortgage given without consideration is a transitory one, and de-
fendants, resident in L. county, are entitled to a change of venue,
although the mortgaged lands were located in G. county where the
action was brought.

Application filed in the supreme court February 27, 1917,
for a writ of prohibition to restrain the superior court for
Grant county, Hill, J., from trying a cause after denying a
change of venue. Granted.

*Martin & Jesseph,* for relator.

*T. D. Cross* and *Thos. M. Vance,* for respondent.

CHADWICK, J.—On the 3d day of January, 1917, M. H.
Sorrell and wife brought an action in the superior court of
Grant county against H. N. Martin and Amanda V. Martin,
his wife. It is alleged in the complaint that Sorrell and wife
executed a mortgage upon certain real estate in Grant county
to secure a promissory note due and payable to H. N. Martin;
that the note and mortgage were given without any consid-
eration, and praying that the court decree that the note and
mortgage be surrendered for cancellation.

[1]Reported in 166 Pac. 630.

Martin and wife are now, and have been for twenty-five years last past, residents of Lincoln county, Washington, and were served personally in that county. They appeared in the action by demurrer and motion to change the venue of the action from Grant county to Lincoln county. The motion to change the venue was accompanied by a sufficient affidavit of merit. The judge presiding in the court below overruled the motion for change of venue, holding that the action was a local action and, notwithstanding the residence of the defendants in another county, the case was triable in the place where the land is situated. Martin and wife then applied to this court for a writ of prohibition and, upon a rule to show cause, the facts as we have thus detailed them were made to appear.

The respondent insists that this court should not and cannot, under the authority of the doctrines to which the court has attached itself, hear the petition of the relators; that, notwithstanding the fact that they may be residents of Lincoln county, and may be entitled to a change of venue, the question may be raised upon appeal, and that the court will not review the error of the court below by the issuance of an extraordinary writ. Respondent bases this contention squarely upon the case of *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395. It is insisted by the relator that the court has so modified the doctrine of the *Miller* case in *State ex rel. Wood v. Superior Court*, 76 Wash. 27, 135 Pac. 494, and in *State ex rel. Hopman v. Superior Court*, 88 Wash. 612, 153 Pac. 315, that the writ will issue.

Whether this court will anticipate and review errors of the trial court upon such questions as inhere in the record which may be heard on appeal, is one that has sorely perplexed the judicial mind and much confusion has crept into our cases. But it would seem that the doctrine of *State ex rel. Miller v. Superior Court, supra*, is still unimpeached and unimpaired. The real question is whether it was properly ap-

plied in that case. The rule as stated does not deny that the writ will lie where the remedy by appeal is inadequate. It is said, "The adequacy of the remedy by appeal or in the ordinary course of law, is there declared (*State ex rel. Townsend Gas & Elec. L. Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 993) to be the true test in all cases, and not the mere question of jurisdiction or lack of jurisdiction." Hence the inquiry whether the remedy by appeal is adequate, or whether that question, when coupled with a question of jurisdiction is enough to sustain the writ, is not foreclosed.

Our statute provides:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." Rem. Code, § 1027.

"It may be issued . . . in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." Rem. Code, § 1028.

In *State ex rel. Miller v. Superior Court, supra,* the court puts the inquiry, "Has the relator an adequate remedy by appeal?" and proceeds,

"As a general rule, the legislature of this state has deemed an appeal from the final judgment an adequate remedy for the correction of all errors committed in the course of a trial, and, ordinarily, an erroneous ruling on a question of jurisdiction is no exception to this general rule."

But if it be held that a court having jurisdiction may erroneously exercise that jurisdiction, and that its rulings might be adequately reviewed on appeal, it does not follow that the court may so proceed in all cases without denying to a litigant that speed and adequacy of remedy which is sanctioned and guaranteed by the statute. The *Miller* case was, as this one is, a petition for a writ where the court had refused to change the venue of a case to another county. The court did not go beyond the prior decisions of this and other courts declaring the general rule, that the first test in issuing such

writs is to ask whether a remedy by appeal .will be speedy
and adequate.. It was held that the remedy by appeal was
adequate.

It would seem that, to determine the question, as it ap-
plies to cases involving the right to change the venue of a
case, we should first consider the statutes under which a
change of venue may. be had, and their legal effect as de-
termined by this court.

Under Rem. Code, §§ 207, 208, and 209, one who is sued
in a county other than that of his residence is entitled to a
change of venue, if the action be a transitory one.

While it may in general terms be referred to as a privilege,
the claim for a change of venue, when once asserted, no ques-
tion of fact being involved and no discretion of the court in-
voked, is more than a privilege; it is a right. It has been so
held whenever and wherever this court has been called upon
to pass upon the question. *State ex rel. Griffith v. Superior
Court*, 96 Wash. 41, 164 Pac. 516; *State ex rel. Stockman
v. Superior Court*, 15 Wash. 366, 46 Pac. 395; *Smith v.
Allen*, 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A.
82; *State ex rel. Schwabacher Bros. & Co. v. Superior Court*,
61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C 814; *State ex
rel. Stewart & Holmes Drug Co. v. Superior Court*, 67 Wash.
321, 121 Pac. 460; *State ex rel. Cummings v. Superior Court*,
5 Wash. 518, 32 Pac. 457, 771; *State ex rel. Campbell v.
Superior Court*, 7 Wash. 306, 34 Pac. 1103; *State ex rel. Al-
len v. Superior Court*, 9 Wash. 668, 38 Pac. 206; 4 Ency.
Plead. & Prac., 440.

It would seem, if the statute grants a right that does not
depend upon the merit of the case, but is independent of the
merit of the case, that a litigant should not be put to the
hazard, delay, and expense of a trial upon the merits as a
prerequisite to the assertion of the right. In such cases, the
court is called upon to deal with something more than "simply
a law of procedure and practice," as was held by Judge Dun-
bar, and properly so, considering the record in the case of

*State ex rel. Townsend Gas & El. L. Co. v. Superior Court,*
20 Wash. 502, 55 Pac. 933. It is a right made equivalent to
the right to fix the venue of a local action under the statute,
and when asserted should not be thrust aside as an incident
or an error to be heard upon an appeal from a judgment on
the merits. The terms "speedy and adequate," when applied
to remedies, mean, or ought to mean, a remedy adequate and
timely to review the particular error relied on, and not merely
a remedy which depends upon a proper determination of the
issues as defined by the pleadings, and such questions of
practice and procedure as may arise in bringing the case to
issue, and trying out the facts.

Wherefore it may be said, where there is a right to a trial
in a particular place, which right is independent of the issue
as tendered by the complaint, an adequate remedy means a
trial in the first instance by a court having jurisdiction to
hear and determine the merits.

To rule otherwise would bring us to a holding that, al-
though the right to a change depended in no way upon a
controverted fact of residence, the defendant would have to
meet the delay and expense of a trial, and possibly suffer a
judgment (if he have clever counsel he would stand mute and
make no defense to the merits), which we would be willing to
sustain if we were free to do so. Before we could even con-
sider the merit of the case, we would have to decide the ques-
tion of venue, or the question of jurisdiction, and do that
which ought to have been done in the first place, remand with
directions to change the venue and retry the case; and for
the reason that the court *did not have jurisdiction.* If we
would have to so hold on appeal, why should we not say so
now, the record being before us in the same form as it would
come on appeal?

It requires no argument to convince the writer that such a
situation would be intolerable, and such as the law has sought
to avoid by providing a means whereby the appellate court
can keep the stream of justice flowing between its proper

banks.  By this proceeding, we may presume that one appeal will settle the merits of the case whatever the judgment of the court below may be.  If we deny the writ, we may assume that, in a fair proportion of the cases, two appeals, one abortive and the other to the merit, will be necessary.  This has always been the rule where the court below has ordered the venue of a case to another county.

The statute says, Rem. Code, § 1027, that "the writ of prohibition is the counterpart of the writ of mandate."  Now if it be so, why have we not the counterpart of this case in the case of *State ex rel. Wyman v. Superior Court*, 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N. S.) 568, where the court said:

"If . . . the superior court of Spokane county had exclusive jurisdiction to hear and determine the garnishment proceedings without power or discretion to order a change of venue, mandamus is the proper remedy."

In *State ex rel. Howell v. Superior Court*, 82 Wash. 356, 144 Pac. 291, the expediency of a proceeding in mandamus to test the right of a court to order a change of venue was not suggested by counsel or questioned by the court.  It will be marked that the writ was not denied because it was not a proper case for a writ, but because the court to which it was directed had passed the jurisdiction to try the case to another county.

In *State ex rel. Schwabacher Bros. & Co. v. Superior Court*, 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C 814, the court entertained a writ of certiorari to review an order of the superior court, changing the venue of a case from King county to Chelan county.  Upon the authority of the *Wyman* case, it was held that the remedy by appeal was inadequate.

In passing, we take it that no argument can be based on the form of the remedy, whether it be certiorari or mandamus or prohibition.  The result of our cases, brought here by certiorari, have been the same—to compel the court having

jurisdiction to proceed with the trial, or to refrain from trying the case, as it was in *State ex rel. Griffith v. Superior Court*, 96 Wash. 41, 164 Pac. 516. It is not out of place to say that we question the propriety of resorting to a writ of review in cases of this kind; this, for reasons not necessary to be now discussed.

The reason which is first suggested in the *Wyman* case and followed in *State ex rel. Scougale v. Superior Court*, 55 Wash. 328, 104 Pac. 607, 133 Am. St. 1030, and in *State ex rel. Nash v. Superior Court*, 82 Wash. 614, 144 Pac. 898, for the issuance of a writ of mandamus to compel a court to try a case after it has ordered a change, is, if the jurisdiction be exclusive in the court which assumes to grant the change, mandamus will lie. This is upon the theory that where an erroneous exercise of jurisdiction by the court to which the case may be sent could only be reviewed "eventually" after a trial in the wrong court an appeal does not afford an adequate remedy. Or as said in the *Scougale* case,

"If the change of venue was erroneously made, we cannot presume that the superior court of Snohomish county will assume to exercise jurisdiction; nor could we, upon an appeal from that court, direct the superior court of Pierce county to proceed with the trial. The remedy by appeal is therefore inadequate."

If prohibition be the counterpart of mandamus, it should follow that the one might be employed to compel, and the other to prohibit upon the same state of facts, depending upon whether plaintiff or defendant, invokes the writ. To say that mandamus will lie, if the court to which a case is ordered sent does not have jurisdiction, and *may* refuse to take jurisdiction or delay the case pending a trial, and to deny that prohibition will lie to prevent a court without jurisdiction from trying a case that ought to be sent to another county, is drawing the sights so fine that the "judicial mind" has been put to some extremity to mark the line of cleavage.

In the case of *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 62 Pac. 143, the court says:

"The remedy [prohibition] is employed only to restrain courts and inferior tribunals exercising judicial functions from acting without or in excess of their jurisdiction; and, if the court or tribunal sought to be restrained has jurisdiction of the subject-matter in the controversy, a mistaken exercise of its acknowledged powers will not justify the issuance of the writ. Stated in another way, 'it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction.' High, Extraordinary Legal Remedies, § 772."

As a general proposition, it may be that a court will not review a question arising in a case by an extraordinary writ where the court committing the error complained of has jurisdiction of the subject-matter, but this test is not to be taken without qualification. It applies where, as in the *Lewis* case, the errors complained of were incident to the proceeding as defined by the pleadings and inhered in the record. It does not apply where the question is collateral to the issue, involves a right given by an independent statute, and which but for the writ would be denied the party entitled to it, or be so postponed as to be a burden instead of a right. The test "jurisdiction of the subject-matter" is elusive. It is questionable whether the rule will bear unqualified statement in that form where the venue of a case ought to be changed and the action is transitory. Either court has jurisdiction to try the issue, and, therefore, jurisdiction of the subject-matter. Or if it be said that jurisdiction of the subject-matter is in the one court or the other, we are not without authority for holding that it is in the court of the county where the relators reside. If a corporation can be sued only in the county of its domicile, and the courts of another county have no jurisdiction of the subject-matter of a case brought against it (*Hammel v. Fidelity Mutual Aid Ass'n*, 42 Wash. 448, 85 Pac. 35; *Whitman County v. United States Fid. & Guar. Co.*, 49 Wash. 150, 94 Pac. 906), then, surely, a citizen who has

claimed his "right" should find the same prohibition in the law.

The words "speedy and adequate" must mean something. Originally the writ was not issued except in a clear case, and then only when there was no other available remedy. *Board of Harbor Line Com'rs v. State ex rel. Yesler*, 2 Wash. 530, 27 Pac. 550. The act of 1895 (Laws of 1895, p. 119, § 30; Rem. Code, § 1028) was passed after the decision last referred to. It may have been that the legislature sought to cure the inflexible rule theretofore laid down by the courts, and to make the writ available where the result of an appeal might tend to embarrass and delay a final decision on the merits of the case.

After a somewhat extensive review of the decisions of other courts, not one case, unless it be *State ex rel. Independent Pub. Co. v. Smith*, 23 Mont. 329, 58 Pac. 867, quoted as authority in the *Miller* case, has been found that denies the right to the writ of prohibition where the venue of a case should be changed as of right. We have reviewed the authorities cited in the Montana case. Wherever it is stated in terms that a writ will not issue to prohibit (or mandamus to compel) a court from proceeding to try a case after refusing to grant a change of venue, some element of discretion was involved. The trial judge had been called upon to pass upon some question of fact, the place of residence was controverted, local prejudice was set up, the convenience of witnesses was put in issue, or whether the ends of justice would be served, had engaged the mind of the court. Obviously no court would review the discretion or the judgment of a court upon a controverted fact under such circumstances.

"The rule appears to be well settled that, where the jurisdiction of the court does not depend upon some controverted fact to be determined by it, and the court is proceeding without or in excess of its jurisdiction, the writ of prohibition will lie." *State ex rel. Hopman v. Superior Court*, 88 Wash. 612, 153 Pac. 315.

On the other hand, wherever elsewhere the question we have to deal with has occurred, it has been held that it is proper for the writ to issue, because a remedy by appeal is inadequate.

"Where an application for a change of place of trial is made by a defendant, based upon a ground which entitles him to the change as a matter of right, the court to which it is addressed has no discretion except to grant the application. In such cases the court is ousted of jurisdiction to proceed further with the cause than to enter the order of removal. *Pearse v. Bordeleau, supra* [3 Colo. App. 351, 33 Pac. 140.] It follows, from what has already been said in discussing the two preceding questions, that the respondent court is divested of jurisdiction to hear and determine this cause, and this brings us to the last question to consider, the determination of which depends upon whether the relator should be remitted to his remedy by appeal or writ of error. The writ of prohibition is not one of right, but whether or not it shall be granted rests in the sound discretion of this court. It is a power conferred by the constitution by means of which, when necessary, supervisory control may be exercised over inferior tribunals, acting without or in excess of their jurisdiction. Although the questions involved upon which the writ is asked may be reviewed on appeal or error, this is not conclusive against the right as to the writ if in the judgment of the court, such remedies are not plain, speedy and adequate.

"We have not overlooked the proposition advanced by counsel for respondent that the district court had jurisdiction to determine the motion for a change, and that in overruling this motion, if this is error, it has merely committed one in the exercise of the jurisdiction conferred upon it by law. If this were the only question involved in this proceeding, the proposition would be unanswerable, but the case does not call for, or admit of, the application of the principle frequently announced that proceedings in prohibition cannot supersede the ordinary functions of an appeal or writ of error. It is essentially different from those cases where we have applied this doctrine. The district court now proposes to proceed with the trial of a case of which it has no further jurisdiction, and it is to restrain this action that these proceedings

were instituted. In other words, while the court originally had jurisdiction of the subject-matter of the action, the parties, and the questions involved in the motion for a change of venue, by denying this motion it assumes an authority and jurisdiction to try the case upon its merits which it does not possess. The difference between cases where we have held that errors complained of would not be reviewed in prohibition because reviewable on error, or appeal, and those in which the proposition is not applicable, is clearly pointed out in *People v. District Court*, 28 Colo. 161, 63 Pac. 321. It would seem idle to require or permit the parties to try their cause in a forum without jurisdiction. For the protection of the plaintiff, as well as the defendant, the cause should be heard by a court the authority of which cannot be successfully attacked." *People ex rel. Lackey v. District Court of Second Judicial District*, 30 Colo. 123, 69 Pac. 597.

The logic of the situation is that, although a court has jurisdiction of the subject-matter and the parties, the assertion of the statutory right to a change of venue, where the nonresidence of the defendant is admitted, ousts the court of first resort of its jurisdiction to proceed in any way other than to order the change.

The attempt to hold to the broad rule quoted from High, Extraordinary Legal Remedies, in *State ex rel. Townsend Gas & El. L. Co. v. Superior Court, supra*, upon which the holding in the *Miller* case was predicated, that is, that the writ of prohibition will not issue where there is a remedy by appeal, has been without real result, for in the very nature of things the court has been put to the stress of meeting the statute which allows the remedy when an appeal would be inadequate. But, after all, the logic of every one of our decisions is that the remedy by appeal means an adequate remedy by appeal, and that no certain rule can be laid down for the issuance of the writ, unless it be in cases like the one we have at bar, where the defendant is entitled as of right to a change of venue. To illustrate the thought I have endeavored to suggest, we have but to refer to the *Nash* case (though rightfully decided was probably put upon the wrong

ground), where the court passed upon the sufficiency of the showing made that a change of venue was necessary for the convenience of witnesses; and the case of *State ex rel. Pierce County v. Superior Court*, 86 Wash. 685, 151 Pac. 108, where the right of a taxpayer to maintain an action against public officers was the real question to be decided. The court held the remedy by appeal to be inadequate and issued a writ of prohibition because of the "special and peculiar circumstances" rendering the remedy in the ordinary course of law inadequate. Certainly it will not be contended by anyone that the sufficiency of the showing made in the *Nash* case, and the capacity of the relator to maintain the action in the *Pierce. County* case, could not have been reviewed as errors arising in the course of the trial in the court below.

The governing principle is fairly illustrated in *State ex rel. Calhoun v. Superior Court*, 86 Wash. 492, 150 Pac. 1168. In that case it is made clear that a court will not issue a writ to arrest the exercise of an acknowledged jurisdiction. The remedy being by appeal, that is to say, if the court has jurisdiction to try a controverted question or a challenge to its jurisdiction, such challenge resting in controverted facts, this court will not restrain it although the ruling may be erroneous, but will leave the party to his remedy by appeal. That case is the antithesis of this one; for here, there being no dispute of fact and the right resting in the statute, the court had no jurisdiction to proceed for there was no question of jurisdiction to be determined by juridical expression or otherwise.

To the same effect is *State ex rel. Meyer v. Clifford*, 78 Wash. 555, 139 Pac. 650, where the court was careful to suggest that the words in the statute "in excess" of jurisdiction of such tribunal, do not mean an error either in law or fact committed in the exercise of an acknowledged jurisdiction. If a court is proceeding without having acquired jurisdiction, or insists upon proceeding after it has lost jurisdiction, it presents a state of facts calling for the issuance of

the writ. *State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494; *State ex rel. Hopman v. Superior Court,* 88 Wash. 612, 153 Pac. 315.

In *State ex rel. Wood v. Superior Court, supra,* we have a view of the question from another angle. There the court held, upon the authority of former decisions, that prohibition would lie to arrest proceedings in a court that had not obtained jurisdiction. In principle, this line of cases sustain our present holding; for, if the writ will issue to restrain a court that cannot render an effective judgment because it has not obtained jurisdiction, it should issue to restrain a court that could not render a judgment upon the merits against a party entitled to a change of venue upon the ground of nonresidence.

The question why we do not overrule the *Miller* case may occur. Notwithstanding the conclusion reached by the court and the fact that counsel for both sides have treated the *Miller* case as the one controlling in the case at bar, unless qualified by subsequent decisions, the *Miller* case was rightly decided. The action had been begun against three parties, all nonresidents of the county in which the action was begun. Two of the defendants moved for a change of venue, asserting that all of the defendants were nonresidents and that the convenience of witnesses would be served by the change. The other defendant filed an affidavit asking that the court refuse a change, and an affidavit was filed by the plaintiff showing that the convenience of the greater number of the witnesses would be best served by holding the case for trial in Spokane county. The court refused a change, first, upon the fact of convenience, controverted by the affidavits of the parties; and second, because where two or more parties are sued in the wrong county, all must join in the motion to change the venue upon the ground of nonresidence, or it will be denied. 4 Ency. Plead. & Prac. 419; 40 Cyc. 146. Such being the state of the record, the *Miller* case could not have been decided in any other way, notwithstanding the unqualified statement of the

holding of the court to be found in the syllabus and in the digest.

We understand counsel to admit the action to be transitory, if the court adheres to the doctrine announced in *Rosenbaum v. Evans*, 63 Wash. 506, 115 Pac. 1054, and cases from this court cited therein. A decree in a case of this kind operates *in personam* and, under the authority of *Rosenbaum v. Evans, supra,* and *English v. Gibbons*, 79 Wash. 210, 140 Pac. 322, we hold the action to be transitory and that the relator is entitled to a change of venue as of right.

Writ will issue.

ELLIS, C. J., MOUNT, MAIN, and FULLERTON, JJ., concur.