[No. 21909. Department Two. January 21, 1930.]

MARY WILHELMINA LAACK et al., *Appellants,* v. FRANK HAWKINS et al., *Respondents.*[1]

*John G. Barnes,* for appellants.

*Allen & Walthew,* for respondents.

MILLARD, J.—By third amended complaint, the plaintiffs challenge the validity of a probated will, seek recovery of the proceeds of the sale of certain property of the decedent's estate and pray removal of the trustees under the will. Demurrer to the complaint was sustained. Plaintiffs appealed from the judgment of dismissal, electing to stand upon their complaint.

[1]Reported in 284 Pac. 89.

Summarized, the allegations of the complaint are as follows:

William H. Laack died in Seattle, Washington, December 28, 1922. His only heirs at law and beneficiaries under the trust created by his last will and testament were his two children, the appellant minors, Mary Wilhelmina Laack and Wilhelm Carl Alexander Laack. When Laack died, his purported will was in a safety deposit box in a bank at Mabton, Washington. By that will, G. E. Sylvester and Frank Hawkins were nominated executors of the will, and were also named as trustees of the estate and guardians of the persons and estates of the decedent's two children. The paper writing purporting to be the last will of the decedent was not properly attested, and no codicils were attached thereto at the time of Laack's death. On January 1, 1923, which was subsequent to Laack's death, the respondents abstracted the will from the safety deposit box and attached to the will three codicils, which provided, among other things, that A. T. Carlson act as executor, trustee and guardian in lieu of Sylvester. The will was admitted to probate by the superior court for King county, January 8, 1923, at which time Carlson and Hawkins were appointed and qualified as executors of the decedent's estate. The statutory notice to creditors was published, and on March 15, 1923, the executors filed an inventory of the property of the decedent as follows:

Benton county real property, appraised at eight thousand dollars; Yakima county real property against which was a mortgage of seven thousand dollars, appraised at fifteen thousand dollars; lots 21 and 22 in block 243, Seattle tide lands, appraised at eight thousand dollars; second-hand furniture in the Holgate Hotel in Seattle, appraised at five hundred dollars.

The executors did not qualify as guardian of the

310

appellant minors. On April 15, 1924, the executors filed their final report and account and petition for distribution. The report and account were false, in that the claim of respondent Allen for services was not filed within the statutory six months' period, and for the further reason that Allen's claim was for services rendered to Laack three years prior to Laack's death. The final account of the executors was approved by the court June 11, 1924, and the executors were ordered to pay the claims against the estate; the remainder of the estate was to be held by the executors as trustees under the will when all claims were paid.

On September 23, 1924, the executors, "acting solely under and by virtue of the powers vested in them as trustees under said probated last will and testament and codicils thereto," sold one-half of the tide land property, known as the Holgate hotel property, for eighty-five hundred dollars. The trustees turned that money over to themselves as executors and disbursed it in payment of the claims against the estate. Of the claims paid, all were approved by the court by its order of June 11, 1924, except payment to a bank of seventeen hundred and fifty dollars. The payment to the bank was of a balance due on mortgage on the property sold. The bank had previously informed the executors that twenty-five hundred dollars were due on the mortgage, and was paid by the executors seven hundred and fifty dollars on the principal of the mortgage, but the bank never filed its claim for the mortgage debt.

On November 4, 1926, Grace A. Feurt was by the superior court for King county duly appointed guardian of the persons and estates of the appellant minors. The appellant minors were not represented when the court, on June 11, 1924, approved the final account of the executors, the minors not having at that time a

legally appointed guardian. Following the appointment of a guardian for the minors, proceedings were had and the decree of June 11, 1924, was vacated. On May 16, 1927, the sale of the Holgate hotel property was ratified, the final account of the executors approved, and the estate closed.

"That in the Matter of the Estate of William H. Laack, deceased, No. 32357, as aforesaid, such proceedings were duly had and taken as that on the 27th day of April, 1927, the superior court of the state of Washington, for King county, duly made and entered its order and decree wherein and whereby the final account of the defendants Frank Hawkins and A. T. Carlson, as executors, was settled, and the whole of the property described in the inventory filed by them in said estate is distributed to said Frank Hawkins and A. T. Carlson, as trustees under the terms and conditions of said trust created in said probated will, excepting only therefrom the east half of lots twenty-one (21) and twenty-two (22), block two hundred forty-three (243), Seattle tide lands, and the furniture in the Holgate Hotel. That in said order and decree it is expressly found and adjudicated that the defendants Frank Hawkins and A. T. Carlson did, as trustees, on September 23, 1924, sell the east half of lots 21 and 22, in block 243, Seattle tide lands, together with the furniture in the Holgate hotel, for $8,500; that there came into the hands of the executors the total sum in cash, including the amount received for the sale of the property above mentioned, $21,451.48; that the total disbursements made by said executors as executors, and now allowed by the court, being the sum which they expended as executors, is the sum of $20,-716.49. That thereafter, and on, to wit, the 16th day of May, 1927, such proceedings were duly had and taken in said court, in said matter, as that said court made and entered its final order wherein and whereby the defendants Frank Hawkins and A. T. Carlson, executors of the last will and testament of the said William Laack, deceased, are discharged as such exec-

utors; their bonds as such executors exonerated and discharged, and said estate closed."

· The Yakima county property has a mortgage thereon of seven thousand dollars, bearing interest at seven per cent. Hawkins and Carlson, as executors, did not make any effort to pay or dispose of the mortgage and caused the property to be distributed to them as trustees incumbered with the mortgage. That as trustees Hawkins and Carlson have no authority to renew the mortgage or to pay the same. The general taxes on the property for 1925, 1926 and 1927 are delinquent in excess of twelve hundred dollars. The rental received from the property is not sufficient to pay the general taxes and assessments on the property, the necessary upkeep thereof and the annual interest on the overdue mortgage on the property. The trustees are endeavoring to sell the property for twelve thousand dollars and have declared they will use the proceeds of the sale in the payment of the mortgage on the property.

Appellants pray the removal of the trustees; that the trustees be restrained from selling the real property of the estate; that the trustees be required to file an account, and that judgment be had against all of the respondents for the eighty-five hundred dollars received by the trustees from the sale of the Holgate property.

Appellants' first charge is that the will and codicils are invalid in that the will was not attested by two or more competent witnesses subscribing their names thereto in the presence of the testator, and that the purported codicils were not attached to the purported will until after the death of the testator.

Unless an action to contest the validity of a will is commenced within six months following the probate or

rejection of the will, such action will not be entertained.

"If any person interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final as to all the world: Provided, however, every infant, person absent from the United States or of unsound mind, in whom a right to contest any will heretofore probated or rejected exists by virtue of any prior law, shall have one year from and after this act goes into effect within which to initiate such contest: Provided further, that this act shall not have the effect of shortening the period given by any prior law to persons other than those mentioned in the last above proviso, within which to contest any will probated or rejected prior to the going into effect of this act." Laws of 1917, p. 646, § 15; Rem. Comp. Stat., § 1385.

The will was admitted to probate in 1923. This action was commenced in 1928. The period within which to file objections to the probate having expired, the trial court correctly decided that the charge of irregularity in connection with the probate of the will was not cognizable.

"Where the statute authorizes the contest of a will, and specifies the time within which such contest may be instituted, the court has no jurisdiction to hear and determine a contest begun after the expiration of

314

the time fixed in the statute; neither does a court of equity have power to entertain such jurisdiction." *State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494.

Discussing this question in the case of *In re Hoscheid's Estate,* 78 Wash. 309, 139 Pac. 61, former Chief Justice Ellis, speaking for the court, said:

"The section last above quoted must be construed as a statute of limitations, a statute of absolute repose as against the claims of all persons save those laboring under the disabilities mentioned and as to all cases covered by the section first above quoted. The language is too plain to admit of any other construction. It must be conceded, therefore, that equitable relief cannot be granted either in the probate proceedings or in an independent action as against the validity of the will after the lapse of the statutory period for contesting the probate, where the ground is such that it might have been presented by way of contest under the statute."

Appellants' next ground of complaint is that, in September, 1924, following the approval of the executors' final account in June, 1924, respondents Hawkins and Carlson, executors under the will, acting as trustees, sold and conveyed the Holgate property for eighty-five hundred dollars and turned the proceeds over to themselves as executors, and those funds, with other funds of the estate, were disbursed by Hawkins and Carlson.

Appellants do not contend that the purchase price was inadequate. They do not seek to void the sale— they ratify it. They insist, however, that the respondents should be required to pay to the appellants the eighty-five hundred dollars improperly obtained and misappropriated by being applied to the payment of claims against the estate. The complaint alleges that the money derived from the sale of the property was

accounted for by the executors and that the account was approved by the court.

The irregularity of the sale may be conceded. However, at the hearing in 1927, at which the appellants were represented, the court considered the sale of the property as reported by Hawkins and Carlson, and approved the sale and the disbursement of the funds derived therefrom. The appellants took no exceptions to the order of approval, nor did they seek in any way to contest the ruling of the court in approving that sale and in discharging Hawkins and Carlson as executors. The court considered and approved the sale of the Holgate property, and considered and approved the application of the moneys received from that sale, together with other funds of the estate, to the payment of the claims against the estate. The heirs appeared by their guardian *ad litem*. The court made its order of final settlement of the estate and discharged the executors. The appellants did not appeal from the order of final settlement, therefore the decree is *res adjudicata*.

Concerning the Yakima county property, the appellants complain that the mortgage upon the property, though listed in the inventory, was not at that time paid by the executors; that the taxes on the property, together with the interest on the overdue mortgage and other expenses exceed the income of the property; that the trustees are endeavoring to sell the property for twelve thousand dollars and will apply a portion of the purchase price to the payment of the mortgage.

There is not a suggestion in the complaint that funds were available in the hands of the executors with which to pay the mortgage on the Yakima county property, neither does the complaint disclose that, if funds had been available, the mortgage could have

316

been called at that time. The trustees have the power, and it is their duty, to dispose of unproductive real property, particularly property that would soon be lost at tax sale or through mortgage foreclosure. By so doing, the children's equity in the property could be converted into interest-bearing securities.

We agree with the view expressed by the trial court in its memorandum decision as follows:

"The complaint alleges that the taxes are overdue; that the mortgage is past due and that the income from the property is about to cease. Under these conditions, if the trustee sat quietly by and permitted the property to be foreclosed either upon the mortgage or for the taxes, when there was a substantial equity in the property which they could realize, quite clearly, then, their nonfeasance would be ground for action against them. The court suggests that the trustees are doing the only sensible, honest, intelligent thing that could be done."

The language of the will plainly indicates the desire of the testator and clearly authorizes the trustees to sell this unproductive property:

"It is my particular desire and I direct that so much of my estate as is not productive of income or is not in the form of a satisfactory interest or income bearing investment, be sold by my said trustees as soon as a reasonable and fair price may be obtained and that the proceeds be invested either in first mortgages upon improved Seattle real estate at a valuation of not exceeding forty-five per cent, or in municipal bonds. Provided, however, that it shall not be obligatory on said trustees to sell any real or personal property that I may own at the time of my death unless in their judgment the proceeds of such sale can be invested to better advantage."

The complaint does not state a cause of action for the setting aside of the will, or for the recovery from

the respondents of the purchase price of the Holgate property, or for removal of the trustees; the judgment is, therefore, affirmed.

HOLCOMB, MAIN, PARKER, and FRENCH, JJ., concur.