## Case No. 1,870.

### BRIGGS v. FRENCH.

[1 Sumn. 504.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1833.

EQUITY — JURISDICTION — CONSTRUCTIVE TRUST— LAND LYING IN ANOTHER STATE—FRAUD.

1. In a case of asserted fraud, or constructive trust, created by operation of law, the jurisdiction of a court of equity is sustainable, where the person can be found, although the lands to be affected by the decree are not within the jurisdiction of the court. 2 Story, Eq. Jur. § 899.

2. A court of equity has jurisdiction in a case, where relief is sought against a mediated fraud, which throws a cloud over the title of a party.

[Cited in Pierpont v. Fowle, Case No. 11,-152; Leland v. The Medora, Id. 8,237; Remer v. McKay, 54 Fed. 434.]

Bill in equity [by William Briggs against Arthur French]. The bill set out a fraudulent attachment and levy of the defendant, by a contrivance with his debtor, upon land sold by the latter to the plaintiff, situate in New Hampshire, before the deed of conveyance to the plaintiff was recorded, and charged the defendant with full notice of all the facts. The bill prayed, that the defendant may by injunction be restrained from selling or conveying the land; that the levy may be declared fraudulent; that the defendant may release his claim with warranty against all acts done by him; and that the plaintiff may be quieted in his present possession of the premises. Demurrer to the bill for want of equity, "because the complainant had not by his bill made out such a case, as entitled him in this court of equity to any discovery or relief." [Overruled.]

The demurrer, being set down for argument, was argued by Fletcher, for the defendant; and J. Mason, in reply, was stopped by the court.

STORY, Circuit Justice. I am very clear that the demurrer must be overruled. This is a case of relief sought against a meditated fraud to the injury of the plaintiff, which throws a cloud over his title, and which he has a right to have removed. It is objected, in the first place, that the suit is purely local, and can be properly brought only in New Hampshire, where the land lies. And the case of Massie v. Watts, 6 Cranch [10 U. S.] 148, 158, is relied on in support of the objection. I subscribe entirely to the doctrine there stated by Mr. Chief Justice Marshall. "Was this cause, therefore," (said he,) "to be considered as involving a naked question of title, &c., the jurisdiction, &c. would not be sustained. But where the question changes

[1] [Reported by Charles Sumner, Esq.]

its character; where the defendant in the original action is liable to the plaintiff, either in consequence of contract, or as trustee, or as the holder of a legal title, acquired by any species of mala fides practised on the plaintiff; the principles of a court of equity give the court jurisdiction, wherever the person may be found. And the circumstance, that a question of title may be involved in the inquiry, and may even constitute the essential point, on which the case depends, does not seem sufficient to arrest the jurisdiction." And he afterwards added: "This court is of opinion, that in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable, wherever the person be found, although lands, not within the jurisdiction of that court, may be affected by the decree." Now, the present case falls precisely within one of the cases here stated. It is a case of asserted fraud, or of a constructive trust created by operation of law.

Then it is objected, in the next place, that the bill asserts, that the title of the defendant being fraudulent is ipso facto void; and therefore his remedy is at law; and he has no standing in a court of equity. But a court of equity has a clear concurrent jurisdiction with courts of law in cases of fraud. Besides, here the bill goes for a discovery, and other equitable relief, which cannot be obtained by a suit at law. The plaintiff is in possession, and cannot sue at law. His only remedy is in equity. He seeks to remove out of his way a title, fraudulent in its nature, which obstructs his own title; and he seeks a declaration from the court, that it is fraudulent; and that the fraudulent party shall execute a release. There doubtless are cases, where a court of equity will dismiss the bill, and leave the plaintiff to his remedy at law, when the title of the defendant is void at law. And the very case of Welby v. Duke of Rutland, 2 Brown, Parl. Cas. 39, which is cited by the defendant, shows, that there are exceptions to the rule. In the case of Hamilton v. Cummings, 1 Johns. Ch. 517, Mr. Chancellor Kent thought, that an instrument void in itself might yet properly be decreed to be delivered up by a court of chancery, as an instrument injurious to the party. In Peirsoll v. Elliot, 6 Pet. [31 U. S.] 95, the subject was a good deal considered in the supreme court of the United States; and the result certainly was in favor of the jurisdiction, where the title had not been declared void, and was not void on the face of the instrument. The doctrine applies directly to the present case. The demurrer is therefore overruled.

[NOTE. For decision of this case upon the merits, see Case No. 1,871.]