[No. 795.  Decided January 16, 1893.]

THE STATE OF WASHINGTON, *on the relation of J. H. Cummings,* v. SUPERIOR COURT OF KING COUNTY, AND RICHARD OSBORN, *a Judge of said Court, Respondents.*

PROHIBITION — COURTS — WANT OF JURISDICTION — NON-RESIDENT
OF COUNTY — WHEN ENTITLED TO CHANGE OF VENUE — COSTS.

A court has no jurisdiction to try an action against a defendant who is not a resident of the county and has not been served with process therein, when the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county; and prohibition will lie to prevent a trial by such court.

The fact that a defendant in such case, at the time of filing his affidavit of merits, does not demur or answer, but makes demand for a bill of particulars preparatory to answering, is a substantial compliance with the provisions of § 162, Code of Procedure. (DUNBAR, C. J., and ANDERS, J., dissent.)

Where a writ of prohibition is granted against the superior court to prevent its trying a case for want of jurisdiction, costs should be taxed to the plaintiff in that court as the real party in interest.

*Original Application for Prohibition.*

*C. E. Shepard*, for relator.

*Hughes, Hastings & Stedman*, for respondent.

The opinion of the court was delivered by

HOYT, J.—The defendant was not served in the county in which this action was commenced, nor was he a resident of that county, but, on the contrary, was a *bona fide* resident of the county of Pierce, in which service of process was made upon him. Such being the case, King county was not the proper county for the trial of the action. It is, however, provided in § 162, Code of Procedure, that such fact shall not prevent a trial of the cause in the county in which the action has been commenced, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county. It follows as a necessary consequence that upon such affidavit of merits being filed and demand made as required in said section, the cause cannot be tried in the court where the action has been commenced. This provision, in our opinion, is equivalent to one which declared that such court should have no jurisdiction of the action for the purposes of trial. If the trial could not be had in that county, then the court had no jurisdiction for that purpose.

Under these circumstances, if such court should proceed with the trial of the cause it would be proceeding without jurisdiction, and under the rule established by this court in the case of *North Yakima v. Superior Court*, 4 Wash. 655 (30 Pac. Rep. 1053), should be prohibited from so doing. We are satisfied with the rule announced in that case, and do not think that the fact, that advantage of the error in proceeding with the trial might be taken by the defendant upon an appeal from a judgment rendered in the

cause, takes this case out of the rule there announced. Such remedy by appeal is entirely inadequate and cannot deprive the defendant of his right to have the court stopped from proceeding in a matter in which it has no jurisdiction.

It follows that, if the defendant has complied with the provisions of said § 162, he is entitled to the writ. In our opinion the record shows a substantial compliance with the provisions of such section. It is true that the defendant at the time he demanded that the trial should be had in the proper county did not demur or answer, but he filed an affidavit of merits and a demand for a bill of particulars, and upon such bill of particulars being furnished him filed his answer in the action. If the section should be construed as contended for by respondent, a defendant would be deprived of the right to demand a bill of particulars, however necessary such might be to a proper preparation of his answer. To so hold would allow a plaintiff, by bringing his action in the wrong county, to deprive the defendant of a substantial right. In our opinion the section should be so construed as to make it available to defendant, if he seasonably invokes its aid, and by filing a proper affidavit of merits shows that he has a defense which will necessitate a trial. It is possible that even after the filing of the demand and of the affidavit of merits, the court would be justified in holding the cause until the issues had been made up; but after such demand had been made and the affidavit of merits filed, the right to try the case was taken from the court, and at most it could only hold it until it had been settled by the pleadings that there was an issue for trial.

The writ of prohibition must issue as prayed for.

STILES and SCOTT, JJ., concur.

DUNBAR, C. J.—I do not think the writ ought to issue for two reasons: *First*, Because defendant has made no

compliance with the provisions of § 162 of the Code of Procedure, substantial or otherwise; and *second*, because he has, in my opinion, a complete remedy by appeal if he has been aggrieved, and in such a case the writ of prohibition should not be invoked.

ANDERS, J., concurs.

### ON MOTION TO TAX COSTS.

*Per Curiam.*— In this case, while the court was the record party to the action, the real party in interest is Belle B. Haines, administratrix of the estate of J. C. Haines, deceased, who is the plaintiff in the action. The costs will, therefore, be taxed to the plaintiff in the action in the superior court, and the relator will take judgment for the same.