[No. 1116.   Decided November 22, 1893.]

THE STATE OF WASHINGTON, *on the relation of John A. Campbell,* v. THE SUPERIOR COURT OF KING COUNTY, AND J. W. LANGLEY, *Judge.*

ENFORCEMENT OF TRUST — TRANSITORY ACTION — CHANGE OF VENUE.

An action for the enforcement of a trust, and for an accounting thereunder, is a transitory one, irrespective of the fact that the action will take effect upon real property.

The fact that certain persons named as defendants in an action are proper, but not necessary, parties thereto, will not deprive the principal defendant in an action of a transitory nature from having the action transferred to the county of his residence for trial.

*Original Application for Prohibition.*

*Struve, Allen, Hughes & McMicken,* for relator.

*Burke, Shepard & Woods,* for respondents.

The opinion of the court was delivered by

HOYT, J.—A somewhat careful examination of the voluminous complaint filed in the action, which it is claimed on the part of the relator he is entitled to have transferred to the county of Kitsap for trial, satisfies us that the substantial object of such suit is to enforce a trust and compel an accounting on the part of the relator in favor of the plaintiffs in said suit.   And such being the fact, we are of the opinion that the conten-

tion of the respondents that, by reason of the fact that a portion of the relief sought as a result of the enforcement of such trust and an accounting thereunder will take effect upon real or personal property, the case is made a local one within the meaning of our statute as to the place of trial, cannot be sustained.    That the enforcement of trusts and an accounting thereunder may be brought wherever the trustee can be found is well established by the authorities, and we have had no case cited to us by the respondents which satisfies us that the fact that full relief can only be obtained by the enforcement of rights against specific personal or real property so changes the nature of such actions as to make them local.    While, on the part of the relator, many cases have been cited which seem to us fully to establish the contrary doctrine.    See *Massie v. Watts*, 6 Cranch, 148; *Briggs v. French*, 1 Sumn. 504; *Bell v. Fludd*, 28 S. C. 313 (5 S. E. Rep. 810); *LeBreton v. Superior Court*, 66 Cal. 27 (4 Pac. Rep. 777).

It follows that the action which the superior court of King county is about to proceed in is a transitory one, and that the application of the relator to have it removed for trial to the county of his residence should have been granted, unless the fact that the defendant Maurice Mc-Micken, and perhaps one of the defendant corporations, were residents of the county of King is sufficient to deprive the relator of his right to thus have the case tried in his own county.    Under the allegations of the complaint in the action neither of these defendants seems to be a necessary party.    They may be proper parties to the action so far as some remote questions of relief are concerned, but they are in no sense necessary to a proper determination of the suit as against the principal defendant, the relator herein.    Such being the case, the plaintiffs should not be allowed to deprive the substantial defendant of his right to have the case determined at home by so joining

these unnecessary defendants. This action, then, should be tried as a purely transitory one, and for the purposes of this application, as being waged alone against the relator, and under the rule established by this court in the case of *State, ex rel. Cummings, v. Superior Court of King County*, 5 Wash. 518 (32 Pac. Rep. 457), the alternative writ of prohibition must be made permanent.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J. (*concurring*).—I have uniformly dissented to the majority opinions in all cases of this class, believing that, under the constitution, this court had no jurisdiction, and therefore no authority, to issue the writ, as it was neither in its appellate or revisory jurisdiction; but as the other members of the court have as uniformly, and, in so many cases, held to the contrary, that it seems to me to have become the established law of this state that the court will take jurisdiction in this kind of a case, I do not feel justified in dissenting further, and as I agree with the majority that this action is a transitory one, I concur in the result.