[No. 1540.   Decided October 27, 1894.]

THE STATE OF WASHINGTON, *on the relation of S. M. Allen*, v. THE SUPERIOR COURT OF PIERCE COUNTY AND W. H. PRITCHARD, *Judge*.

CHANGE OF VENUE — COUNTY OF DEFENDANT'S RESIDENCE — AFFIDAVIT OF MERITS — SUFFICIENCY.

Where it appears, from the affidavit of merits filed by a defendant on a motion for the removal of the cause for trial to the county where he resides, that he is entitled to file an answer which will raise issues for trial which he desires to have tried in the proper county, the affidavit is sufficient.   (DUNBAR, C. J., dissents.)

The application for the transfer of a cause to the proper county for trial, made by all the defendants who had been served at the time, cannot be adversely affected by the fact that before its determination another defendant has been served, but has failed to join in the application.

Where a motion for the transfer of a cause to the proper county for trial has been made, upon a sufficient affidavit of merits, the failure of the applicant for transfer to appear at the time set for the hearing of his motion affords no ground for denying the application.

### Original Application for Prohibition.

The affidavit of merits filed in this case states, among other things: "That affiant has fully and fairly stated the facts of his defense of the case to his counsel, for his advice, and that he informed affiant that affiant and his codefendants had a good and valid defense upon the merits of said action, and to all of it, with the exception of eighty dollars, all of which affiant verily believes to be true."

*Pratt & White*, for relator.

*Walter Christian*, for respondents.

The opinion of the court was delivered by

HOYT, J.—By this proceeding it is sought to prohibit the superior court of Pierce county and W. H. Pritchard, respondents, from further proceeding in a certain cause which had been brought in that court against the petitioner and other defendants. It sufficiently appears from the return to the alternative writ heretofore issued that, within the time prescribed by law, three of the defendants appeared in the action, filed a demurrer to the complaint, and an affidavit of merits, and demanded that the cause be removed for trial to the county of King, in which, it was shown by the affidavit, the defendants all resided. The other defendant was not served until some time after this proceeding was had. The court denied the demand for the transfer of the cause, and proposed to further proceed therein, and the

only question presented for our decision is as to whether or not it has the right so to do.

Various preliminary questions have been raised by respondents relating to the jurisdiction of this court to issue its writ of prohibition in cases of this kind, and as to other questions going to the procedure, but it is not necessary for us to say more in regard thereto than that they have been settled by several decisions of this court adversely to the contention of respondents.    See *State, ex rel. Cummings, v. Superior Court*, 5 Wash. 518 (32 Pac. 457); *North Yakima v. Superior Court*, 4 Wash. 655 (30 Pac. 1053); *State, ex rel. Campbell, v. Superior Court*, 7 Wash. 306 (34 Pac. 1103).

The only question which we shall consider is as to the sufficiency of the proceeding to entitle the defendants to the transfer of the cause.    These are attacked upon two principal grounds, one that the affidavit of merits was insufficient, and the other that all of the defendants did not join in the application.    In determining as to the sufficiency of the affidavit of merits, the object for which it was filed must be taken into consideration.    Under our statute a resident of any county is entitled as a matter of right to be sued in the county in which he, or some of his co-defendants, reside, but for the purpose of preventing judgments rendered in good faith from being open to collateral attack by a showing subsequent to their becoming final, to the effect that none of the defendants were residents of the county in which they were rendered, the legislature has wisely provided that notwithstanding this absolute right on the part of a defendant to be sued in the county of his residence, this right shall not so avail him as to deprive the court of another county in which an action has been brought of jurisdiction, unless he appears and raises the question as to which is the proper county as provided by statute.    It will be seen that the right to have

the case tried in the county of his residence is an absolute one, subject only to certain exceptions. It, therefore, becomes the duty of the courts to see that these rights are preserved, and that the exceptions are not so construed as to destroy such rights by reason of any technical or slight mistake on the part of the party in attempting to negative the exception. The retention of jurisdiction by the court other than that of the county of the residence of the party is in a certain sense a wrongful one, even without any motion being made for a transfer to the proper county, and has only been sanctioned by the legislature by reason of the necessities of the case as above suggested. It follows that the proceedings by which the right to transfer is made absolute, and this exception negatived, should be construed with the utmost liberality, and that if it appears therefrom that there is an intent on the part of the defendant to avail himself of the privileges of the statute for the ·purpose of negativing the exception contained therein which authorizes the court to maintain jurisdiction, it should be held sufficient, even though there has been only a substantial and not a technical compliance with the provisions of the statute.

We are aware that the decisions in the State of California, and perhaps in some of the other states, seem to have been based upon a different theory, but in our opinion these courts have lost sight of the fact, that the exception by which the court in which the action has been brought is allowed to retain jurisdiction is one of necessity, and was only enacted to effect the absolute right of transfer to the county of the residence so far as was necessary to protect the validity of judgments rendered where no motion for transfer had been made. Under the liberal construction of this statute, which we think it should receive, the affidavit of merits in the case at bar was sufficient. It is true that it is not therein stated that the whole case had been

made known to counsel, but it is stated that the facts constituting the defense had been fully made known, and since the only object, in this proceeding, of such affidavit, is to show that there is something to try as between the plaintiff and defendants, the object is fully met even by this defective statement.   It is made sufficiently to appear therefrom that the defendants desired to put in a defense, and have it tried in the proper county, and therefrom it can be fairly gathered that they will be entitled to file an answer which will raise issues for trial, and thus the object for which the legislature required an affidavit of merits has been fully subserved.

The other objection is untenable, for the reason that, at the time this demand for transfer was made, there had been no service upon the other defendant, and the fact that he was served before the court had passed upon the sufficiency of such demand could not affect the rights of the parties as determined upon its presentation.

There was another suggestion made by the respondents growing out of the fact that the defendants did not appear at the time the motion for the transfer came on to be heard, but we think it sufficiently appears from the record that the court did not deny the application on that account, but determined it upon its merits.   But, whatever may be the fact as to this, the rights of the defendants could not be determined by the action of the court in regard thereto. So soon as the defendants had made the demand for the transfer, as provided by the statute, the right of the court to further proceed in the matter was terminated, and the only thing left for it to do was to transfer the cause to the proper county for trial.

It is further suggested that it does not appear that there was any defense to the entire cause of action, but, in our opinion, it was sufficient if it appeared that there was something to try between the parties, and that this did appear.

The alternative writ will be made perpetual, and the superior court of Pierce county will be prohibited from taking any other proceeding in this action than to cause it to be certified to the county of King.

ANDERS, STILES and SCOTT, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I think the affidavit of merits filed in this case was entirely insufficient under all the authorities. Neither do I think, as is indicated by the majority opinion, that a defendant has any natural right to have the case tried, or the action brought, in the county where he resides. He has a right to have it tried there simply because the law gives him that right, when he complies with certain conditions which the law imposes, and he should be held to as strict a compliance with those conditions as with any other conditions imposed by the law. Not having complied with the requirements, the writ should, therefore, be denied.