[No. 9900.    Department One.    December 20, 1911.]

GEORGE CRITLER, *Respondent*, v. JACOBSON & LINDSTROM, *Appellants*.[1]

APPEAL—REVIEW—VERDICT. A verdict supported by conflicting evidence, will not be disturbed on appeal, especially when the trial court refused to do so.

VENUE—RESIDENCE OF DEFENDANTS—DETERMINATION. Upon application for a change of venue on the ground that the action is not commenced in the county of the defendant's residence, under Rem. & Bal. Code, §§ 207-209, the plaintiff may controvert the defendant's allegations as to their residence.

APPEAL—RECORD—STATEMENT OF FACTS—EVIDENCE. The decision of the trial court on an issue as to the defendant's residence, on motion for a change of venue, cannot be disturbed on appeal where the evidence on the hearing is not brought up on appeal by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered February 2, 1911, upon the verdict of a jury rendered in favor of the plaintiff in an action on contract, after a trial on the merits. Affirmed.

*E. E. Wager* and *Lee C. Delle*, for appellants.

*H. J. Snively*, for respondent.

PARKER, J.—This is an action to recover compensation for work performed by the plaintiff in the construction of the roadbed of the Chicago, Milwaukee and Puget Sound Railway. The defendants had contracted to construct a portion of the roadbed, and the plaintiff claims that he performed the work for which he claims compensation at the request of the defendants, upon the portion of the road covered by their contract. A trial before the court and a jury resulted in verdict and judgment in favor of the plaintiff, from which the defendants have appealed.

[1]Reported in 119 Pac. 819.

The principal contention of counsel for appellants is that the evidence was not sufficient to justify the verdict and judgment. A careful reading of the record convinces us that there was ample evidence to support the verdict, both as to the fact of the work being done by respondent at the request of appellants, and as to the amount of the balance due therefor, which are the questions of fact involved. Upon these questions the evidence was in serious conflict. It was such as to prevent our interference with the verdict of the jury, especially in view of learned trial court's refusal to do so, he having seen and heard the several witnesses testify. We deem it unnecessary to review the evidence here.

It is contended that the trial court erred in denying appellants' motion for a change of venue upon the ground that the action had been commenced in the wrong county. The place of residence of the defendants became an issue of fact which the trial court decided against their contention. Learned counsel for appellants seem to proceed upon the theory that, when an application for change of venue under Rem. & Bal. Code, §§ 207-209, is made on the ground that the defendant is a resident of some other county than the one where the action is brought, the plaintiff cannot challenge the truth of the defendant's claimed place of residence. We cannot believe this to be the law. There is nothing in any of these sections making the affidavits or other evidence offered by the defendant as to his place of residence conclusive on that question. That being so, of course such showing may be controverted by the plaintiff.

Counsel for appellants call our attention to the following: *State ex rel. Cummings v. Superior Court*, 5 Wash. 518, 32 Pac. 457, 771; *State ex rel. Allen v. Superior Court*, 9 Wash. 668, 38 Pac. 206; *Smith v. Allen*, 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 82. In none of these cases was there any dispute as to the residence of the defendant being in a county other than the one where the action was brought. This question is quite unlike the right

to a change of venue on account of the prejudice of a trial judge, under a statute making the affidavit of the party asking the change conclusive upon that question. The evidence upon which the learned trial court decided this application has not been brought here by statement of fact or bill of exceptions, so we are not able to review that decision. The judgment is affirmed.

Dunbar, C. J., Mount, Gose, and Fullerton, JJ., concur.