[No. 11011. Department One. July 21, 1913.]

W. MARTIN CARR, *Respondent,* v. A. C. REMELE *et al.,*
*Appellants.*[1]

VENUE—RESIDENCE OF DEFENDANT—DOMICILE. Under the rule that
statutes should be liberally construed in favor of the jurisdiction
where the suit is instituted, a defendant, sued in the county where
domiciled and engaged in business at the time the cause of action
arose, is not entitled to a change of venue under Rem. & Bal. Code,
§ 208, fixing the venue in the county of his residence, on a mere
showing that, being a newcomer in the state, he intended to reside
in another county, without ever having declared a residence or en-
gaged in business therein.

Appeal from a judgment of the superior court for Adams
county, Holcomb, J., entered September 7, 1912, upon find-
ings in favor of the plaintiff, in an action in tort. Affirmed.

*Curtiss & Remele,* for appellants.

*John M. Cannon,* for respondent.

CHADWICK, J.—This action was begun in Adams county.
Defendant Remele is confessedly a resident of Spokane coun-
ty, and Robertson was employed by him as foreman on his
ranch in Adams county. Defendants appeared and filed a
motion for a change of venue. This motion was supported
by their own affidavits, each claiming that he was and is a
resident of Spokane county. This showing was met by count-
er affidavits. After a hearing and argument of counsel, the
court denied the motion, holding that the defendant Robert-
son was a resident of Adams county.

We have read the affidavits and are satisfied that the court
did not err in his judgment. It may be that Robertson was
not a *bona fide* resident of Adams county with *animo manendi.*
Neither is it shown to our satisfaction that he was a resident
of Spokane county. There is no showing that he ever de-
clared a residence in that county or that he was ever engaged

[1]Reported in 133 Pac. 593.

in any business there, or that he voted or participated in any way in the civic affairs of the county. His showing, taken at its best, indicates rather that he now intends to reside in Spokane. He came recently. from Minnesota and Montana. At the time the cause of action arose, and at the time the suit was begun, he was domiciled in Adams county and was there engaged in business; and if he is to be credited with a residence in this state at all, we think that he was a resident of Adams county, within the meaning of the statute. If a defendant's affairs are in such a state that it cannot be certainly known in which county his residence is established, where his acts are to be measured against his mental reservations, the fact that his domicile and place of business activity is in the county where he is sued is an important if not controlling circumstance.

In doubtful cases, we think the statutes should be liberally construed in favor of the jurisdiction where the suit is instituted. One claiming the benefit of this statute,

"should be able to point to his residence, by facts so certain and notorious as to enable the plaintiff, by the use of ordinary diligence, certainly to know where to bring his suit. The fact of residence in a particular county ought not to be so uncertain and equivocal, nor ought the statute to be so strictly construed, as that the plaintiff shall be compelled, in a case rendered doubtful and uncertain by the conduct of the defendant, to decide rightly at his peril. Too great strictness of construction applied to a case like the present, might have the effect to defeat the suit in both counties, and place the plaintiff in the condition of the unfortunate suitor, who was refused admittance into both the court of law and chancery, because each thought the other the only proper forum to afford redress; or the plaintiff who was denied redress for an acknowledged injury, because, when he sued in case, the court thought he ought to have brought trespass; and when he brought trespass, the court thought his only remedy was case. Cases of this kind have often been instanced to illustrate the absurdity of maintaining the exclusive jurisdiction of courts of law and equity, and the distinctions of forms of action, which our law rejects. But if the statute in question

is to be so strictly construed as to endanger the defeat of the plaintiff's action in a case like the present, it might be justly chargeable with a similar abuse. It ought not to receive a construction which will prevert its object. . . . At all events, where, as in this case, he has had his residence in one county for a considerable time anterior to the bringing of the suit, that, for the purposes of the suit, ought to be held to be the place of his residence, until he has effected an actual and complete change of residence from that to another county. . . ." *Brown v. Boulden*, 18 Tex. 431.

See, also, *Pearson v. West*, 97 Tex. 238, 77 S. W. 944.

It is our judgment that defendant Robertson was properly sued in the superior court of Adams county. His status fixed the venue of the case. Rem. & Bal. Code, § 208 (P. C. 81 § 109).

Affirmed.

Gose, Parker, and Mount, JJ., concur.