[No. 11628. Department One. April 8, 1914.]

W. H. Agens, *Respondent*, v. L. M. Powell, *Appellant*.[1]

Venue—Change—Issues. Upon application for a change of venue to the county of the defendant's residence, the plaintiff has a right to traverse the affidavit and show that defendant was a resident of the county in which the venue was laid.

Appeal—Record—Affidavits—Statement of Facts. Error cannot be urged in the denial of an application for change of venue, where the affidavits and evidence on the hearing of the application were not made part of the record by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 4, 1913, in favor of the plaintiff, upon denying an application for a change of venue. Affirmed.

*Leon B. Kenworthy* (*Will H. Fouts*, of counsel), for appellant.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for respondent.

Gose, J.—This is an appeal from a judgment entered upon the merits in favor of the plaintiff, after denying the motion of the defendant for a change of venue to the county of his alleged residence. The motion was supported by the affidavit of the defendant to the effect that he was a resident of Columbia county. The defendant, at the time of filing the motion, interposed a demurrer to the complaint. The demurrer, motion, and affidavit were filed under one cover.

The appellant contends that, upon the showing made, he had an absolute right to a change of venue to the county of his residence, under the rule announced in *State ex rel. Allen v. Superior Court*, 9 Wash. 668, 38 Pac. 206, and *State ex*

[1]Reported in 139 Pac. 873.

*rel. Stewart & Holmes Drug Co. v. Superior Court*, 67 Wash. 321, 121 Pac. 460. The affidavit, however, tendered an issue of fact which the respondent had the right to traverse. In other words, the respondent had the right to show that the appellant was a resident of Spokane county. *Critler v. Jacobson & Lindstrom*, 66 Wash. 322, 119 Pac. 819; *Carr v. Remele*, 74 Wash. 380, 133 Pac. 593.

The order recites that "the court, being fully advised in the premises," denied the motion. It makes no other reference to the evidence. Neither a bill of exceptions nor a statement of facts has been brought to this court. The case is before us upon the transcript only. The presumption always obtains that the court acted upon sufficient evidence, and this presumption is conclusive in the absence of the entire evidence upon which the court based its judgment. *International Development Co. v. Sanger*, 75 Wash. 546, 135 Pac. 28. In that case, after reviewing the cases from this court, we said:

"For the guidance of the bar, we now announce the rule to be that this court will not in any case say that the judgment of the trial court is wrong upon questions of fact unless it has before it all the evidence upon which that court passed judgment, and this fact must affirmatively appear upon the record."

The judgment is affirmed.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.