[No. 14663. Department One. June 27, 1918.]

KAREN KAHN, *Respondent*, v. AKBAR KAHN, *Appellant*.[1]

APPEAL—DECISIONS APPEALABLE—MOTION TO REOPEN. An order denying a motion to reopen a case for further testimony is not appealable as a final judgment.

APPEAL—RECORD—STATEMENT OF FACTS—CERTIFICATE. Upon appeal from a final judgment, an assignment of error in refusing upon motion supported by affidavit to reopen the case for further testimony can be reviewed only upon a statement of facts certified to contain all the evidence upon the portion of the judgment appealed from, and a statement certified to contain a portion of the record is insufficient.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 1, 1917, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*H. M. Dalton,* for appellant.

MITCHELL, J.—In a contested divorce case, upon trial and proper findings, judgment was entered June 1, 1917, granting plaintiff, respondent, a divorce, and, among other things, awarding to her the custody of two minor children and an allowance for their support. On the same day, prior to judgment, appellant filed in the cause a motion and affidavit to reopen the case for further testimony, which motion was denied on that day. Appeal is taken from only that portion of the

[1]Reported in 173 Pac. 747.

judgment awarding the children to respondent and providing for their support; and also from the order of the court refusing the application to reopen the case.

The sole assignment of error is that the trial court erred in denying the motion to reopen the case for further testimony. There is no statement of facts. The order denying the motion is not appealable because not final. True, an appeal from the judgment brings up for review all prior orders made in the cause, but the affidavit supporting the motion presents issues of fact which may be considered here only upon a properly certified record showing all the evidence in the cause, at least upon that portion of the judgment appealed from. Counsel claims relief from the force of this rule because of an original certificate of the trial judge to copies of the motion and affidavit as they appear in the transcript certified by the clerk, which, however, is insufficient because relating only to an intermediate step in the case involving matters of fact; and for the further reason that the certificate purports to cover only a part of the record, and is as follows:

"That the matters embodied in the foregoing affidavit are matters occurring in said cause and are a *portion* of the record herein;

"That said affidavit, in support of the motion of the defendant to reopen said cause and permit the defendant herein to introduce testimony on his behalf, was introduced together with said motion *prior* to the time of signing the findings of fact and conclusions of law, and the making, signing and filing of the formal decree in said cause, and that the same was before this court and said motion denied by this court *prior* to the time of the making and entering of said findings of fact and conclusions of law, and *prior* to the time of the making, signing and entering of said decree."

The cases of *Ingersoll v. Cudihee,* 96 Wash. 515, 165 Pac. 375; *Taylor v. Andres,* 83 Wash. 684, 145 Pac.

991; and *Agens v. Powell,* 79 Wash. 131, 139 Pac. 873, clearly suggest no error in the present case.

Judgment affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.