FONT, PLAINTIFF AND APPELLANT, *v.* CASTRO ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of
Debt.—Change of Venue.

No. 3402.—Decided November 25, 1924.

JURISDICTION—SUBMISSION.—In order that the submission of the debtor to the
jurisdiction of the domicile of the creditor may be effective it is necessary

to state in the obligation the court to which the parties submit for the decision of all controversies arising from the obligation.

ID.—CHANGE OF VENUE—AFFIDAVIT OF MERITS.—When the defendant is entitled to have the case transferred to the district where he resides any defect in the affidavit of merits is of little importance.

The facts are stated in the opinion.

*Mr. R. Arjona Siaca* for the appellant.

*Mr. E. González Mena* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from an order granting a change of venue in a civil action of debt.

The appellant alleges that the court below ignored the express waiver of their rights of residence made by the defendants and that the court also erred in considering sufficient the affidavits of merits which supported the motion for a change of venue.

The verified complaint does not contain the document witnessing the obligation and it is only alleged in general terms that in their obligation the defendants expressly waived their rights of residence.

In the case of *Gómez v. Toro,* 23 P. R. R. 601, construing sections 76 and 77 of the Code of Civil Procedure, this court said that the previous submission of the parties is a lawful agreement and when made in legal form is binding upon the person who submits himself and even upon his heirs.

The point now for decision seems to be whether from the terms of the complaint it appears that the previous submission of the defendants to the court of the plaintiff's domicile for the enforcement of the obligation was made in legal form. In the case of *Hernáiz, Targa & Co. v. Vivas,* 20 P. R. R. 99, it was said that said sections 76 and 77 are of distinct origin from the rest of the Code, they being inspired by sections 56, 57 and 58 of the old Law of Civil Procedure, and in *Gómez v. Toro, supra,* wherein the former case is cited, a comparative examination is made of the sections of

the old and new codes, as a result of which the following is said:

"Section 77 of the new code includes all the cases covered by articles 57 and 58 of the former code, but, following the limitations of article 56, the Spanish legislators define in articles 57 and 58 cases of express and implied submission, while the Porto Rican legislators, in harmony with the provision of section 76, include in section 77 all cases of submission in general, although it is clear that subdivision 1 of section 77 covers express submission and subdivisions 2 and 3 of the same refer to implied submission, with the only difference that according to the present code an agreement in writing to that effect is sufficient to constitute submission, whereas under the old law it was necessary to waive the statutory jurisdiction and designate the court to which the parties submitted. The new code preserves the principle of the old law but clothes it in simpler form. Manifestly an express waiver of jurisdiction is unnecessary because the express submission of the parties clearly involves such waiver." *Gómez* v. *Toro*, 23 P.R.R. 596, 599.

It may be clearly understood that although the present Code of Civil Procedure has simplified the formula when the parties desire to express their previous submission, a general waiver of the defendant's privilege, though express, is not a sufficient compliance with the statute. If the waiver is superfluous or unnecessary because it is considered to be made by virtue of the submission, it seems obvious, as a matter of logic, that in order that previous submission may have legal effect it is indispensable that it be made to appear in writing, and the obligation should designate specifically the court to which the parties submit for the adjustment of the claim or claims originating therefrom or to which the performance of the obligation may give rise. This was not alleged in the complaint and the court below did not err in refusing to consider the waiver in the manner alleged.

The second error assigned by the appellant refers to the sufficiency of the affidavits in support of the motion of the defendants. And he alleges that they are not sufficient be-

cause they do not state that the defendants believed that they had a good, just and meritorious defense, and also that it does not appear from the motion or from the affidavits that the said defendants had made to their attorney a full and fair recital of the facts so that he would be in a position to inform them of the merits of the case.

The jurisprudence seems to have established a difference between the requisites of an affidavit of merits in support of a motion to open a default and those of one in support of a motion for a change of venue. *Baker, Carver & Morell v. Healy & Siebert,* 31 P. R. R. 527. In the latter sense a more liberal construction has prevailed and the discussion of the authorities has gone on in such a progressive manner that it has even been held that the right to have the case tried at the place of residence of the defendant is absolute and only subject to certain exceptions. This may be seen from the case cited.

It may well be said that the exceptions to which the jurisprudence refers are comprised in sections 76, 77 and 82 of our Code. They read as follows:

"Sec. 76. In accordance with its jurisdiction, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may give rise, when the parties may have agreed to submit the suit to decision of court.

"Sec. 77. The submission shall be understood to be made:

"1. By the written agreement of the parties.

"2. By the plaintiff through the mere act of applying to the court and filing the complaint.

"3. By the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court.

"Sec. 82. If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

The reason for section 82 may be found in the case of *State ex rel. Allen* v. *Superior Court,* 9 Wash. 668, wherein it is held that a defendant is entitled as a matter of right to be sued in the district in which he resides, but for the purpose of preventing judgments rendered in good faith from being open to collateral attack by a showing subsequent to their becoming final to the effect that the defendant was not a resident of the district, the Legislature has wisely provided that notwithstanding this absolute right on the part of a defendant to be sued in the district of his residence (section 81 of our Code of Civil Procedure), he may be sued in another district, in the same manner as prescribed in section 82 of our Code.

In the same case the decisions of the Supreme Court of California are discussed and the Supreme Court of the State of Washington expresses itself as follows:

"We are aware that the decisions in the State of California, and perhaps in some of the other states, seem to have been based upon a different theory, but in our opinion these courts have lost sight of the fact, that the exception by which the court in which the action has been brought is allowed to retain jurisdiction is one of necessity, and was only enacted to effect the absolute right of transfer to the county of the residence so far as was necessary to protect the validity of judgments rendered where no motion for transfer had been made. Under the liberal construction of this statute, which we think it should receive, the affidavit of merits in the case at bar was sufficient. It is true that it is not therein stated that the whole case had been made known to counsel, but it is stated that the facts constituting the defense had been fully made known, and since the only object, in this proceeding, of such affidavit, is to show that there is something to try as between the plaintiff and defendants, the object is fully met even by this defective statement. It is made sufficiently to appear therefrom that the defendants desired to put in a defense, and have it tried in the proper county, and therefrom it can be fairly gathered that they will be entitled to file an answer which will raise issues for trial, and thus the object for which the legislature required an affidavit of merits has been fully subserved." *State, ex rel. Allen,* v. *Superior Court,* 9 Wash. 668, 672.

Section 81 of our Code of Civil Procedure provides, for the cases not coming under the preceding sections, the absolute right of a defendant to have his case tried in the district of his residence.

And section 83, in order to make, to a certain extent, effective the provisions of section 81, reads:

"Sec. 83. The court may, on motion, change the place of trial in the following cases:

"1. When the district designated in the complaint is not the proper district.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change.

"4. When from any cause the judge is disqualified from acting."

The Supreme Court of the State of Washington, construing procedural provisions similar if not identical to sections 81 and 83 and considering them in intimate connection and harmony, arrives at the radical conclusion necessary to the effect that the merits of the case are unimportant when the defendant is entitled as a matter of right to change the place of trial to the district of his residence, excepting, of course, the case of submission provided for by our Code, permissible before or after the commencement of the suit. *Gómez* v. *Toro, supra.*

In connection with what we have just said, in the case of *Baker, Carver & Morell* v. *Healy & Siebert, supra,* of this court, there is cited also the case of *State ex rel. Stewart & Holmes Drug Co.* v. *Superior Court,* 67 Wash. 321, and the following part of the opinion is transcribed:

"This section must be construed with reference to sections 207 and 209. When so considered, we think it is clear that, although admitting that there are certain cases where an affidavit of merits, taken in its old-time technical sense, is an essential prerequisite to the order of the court, it does not follow that it is so in all cases.

Section 209 provides that the court may change the place of trial when it appears by affidavit that 'the county designated in the complaint is not the proper county,' or 'to secure an impartial trial,' or for the 'convenience of witnesses, or to serve the ends of justice.' Clearly the affidavit mentioned here is not the old-time affidavit of merits. The merit of the case is immaterial where a defendant may change the place of trial to the county of his residence as a matter of right; or the court, as a matter of discretion, may order a change when a showing is made that an impartial trial cannot be had, or when the convenience of witnesses or the ends of justice demand that it be so. A change of venue is made, under these circumstances, when facts showing any of these conditions are made to appear, not because there may be a defense to the action which is sustained by advice of counsel, but because of the statute itself; and when a showing of any of these grounds is brought to the attention of the court by affidavit, it will be held to be an 'affidavit of merits,' within the meaning of the term as employed in section 208, and the word 'affidavit' as it appears in section 209, Rem. & Bal. Code. So in this case, the residence of the defendant being in San Juan county, and it having transpired that the principal action will not be tried upon its merits in King county, we find no reason for interfering with the order of the court, whether it be grounded upon the absolute right of a defendant (4 Ency. Plead. & Prac., p. 393), or upon the discretionary power of the court.''

And this Court, by Mr. Justice Hutchison, said:

''This frank abandonment of the traditional, technical, so-called essentials commends itself to our best judgment as a sound, consistent, common-sense view of the matter, tending not only to simplify and expedite the trial and disposition of pending cases, but also to carry into effect without judicial interference or obstruction the plain purpose of the Legislature.'' *Baker, Carver & Morell* v. *Healy & Siebert,* 31 P.R.R., 527, 533.

For all of the foregoing the order of the lower court must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.