ANA MARÍA MANESCAU, Petitioner and Appellant, *v.* FERNANDO
H. USERA, JUDGE OF THE MUNICIPAL COURT OF PONCE,
Respondent; and CARMEN RAMÍREZ, Intervener and Appel-
lee.

No. 6104. Argued December 22, 1933.—Decided February 2, 1934.

*R. Atiles Moréu* for appellant. *Angel Fiol Negrón* for intervener
and appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is a case which involves the question of a change of
venue.

Carmen Ramírez filed a complaint in the Municipal Court
of Ponce against Ana María Manescau, alleging in brief that
in a suit brought against her in said municipal court by Ana
María Manescau to recover the sum of $18, a house in Ponce
belonging to the former was attached and sold at public
auction to satisfy the judgment; that the house was awarded
to Ana María Manescau; and that at the time of the attach-
ment and of the sale said house, which was worth $350, con-
stituted the homestead of the plaintiff and her minor children,
and was actually exempt from attachment and execution.
She prayed for a judgment declaring 1, that the house consti-
tuted the homestead of the plaintiff and her minor children;
2, that at the time of the attachment and of the sale it was

exempt from attachment and execution; 3, that the attachment and the sale of the same were null and void; 4, that the defendant should return the house to the plaintiff, or 5, if that were impossible, to pay its value of $350, with costs.

The defendant having been summoned, she entered her appearance on March 21, 1932, and filed simultaneously a motion for a change of venue to the Municipal Court of San Juan because she resided there, and another motion requesting that certain particulars of the complaint be stricken out.

On the following April 14th the plaintiff objected to the motion for a change of venue on the grounds—

"1. That the motion for a change of venue was not accompanied by, nor was it made at the time of filing, an answer or demurrer to the complaint. Section 82 of the Code of Civil Procedure of Puerto Rico.

"2. That the affidavit accompanying the motion for a change of venue is not sufficient in law, inasmuch as it does not show that the affiant had explained the facts of her case to an attorney who advised her that she had a good defense to the complaint; nor is it alleged in the said affidavit that she has, in her opinion, a good defense to the complaint, said affidavit confining itself to the statement that she owes nothing to the plaintiff when the action brought is not one of debt (*cobro de dinero*) but for the purpose of enforcing a homestead right.

"3. That the action brought in this case is not of a purely personal nature.

"4. That the property which is the object of this litigation is situated in Ponce; the marshal who attached it is the Marshal of the Municipal Court of Ponce and resides there; the plaintiff resides in Ponce; and all of the witnesses and the evidence, including the record of the case in which this action originated, are in Ponce, for which reason, and especially for the convenience of the witnesses, the ends of justice would be best served if the case were retained and heard before this Municipal Court of Ponce."

Two days afterward the defendant filed a new motion for a change of venue on the same ground, with a more extensive affidavit of merits and a demurrer.

On May 12, 1932, the municipal court decided the question before it, thus:

"The motion for a change of venue is denied because the defendant has submitted herself to the jurisdiction of the court by not demurring to or answering the complaint. *Aponte* v. *Atlas Commercial Co., et al.,* 27 P.R.R. 228."

The defendant then filed a petition for certiorari before the district court, which decided the case as follows:

"In view of sections 77 and 82 of the Code of Civil Procedure and the jurisprudence established in the cases of *Busó* v. *Borinquen Sugar Co.,* 19 P.R.R. 337, and *Aponte* v. *Atlas Commercial Co., et al.,* 27 P.R.R. 228, and after an examination of the record of civil case No. 12179 of the Municipal Court of Ponce, of *Carmen Ramírez* v. *Ana María Manescau,* for a claim of homestead, the court denies the petition in this case and discharges the writ of certiorari issued, without costs. The clerk will enter judgment accordingly."

The first question raised is whether or not a motion for a change of venue may be made in a case brought in a municipal court.

In 1923 the question was expressly decided in the affirmative by this court in the case of *Rivera* v. *Aybar,* 32 P.R.R. 504, 505. There the opinion was delivered by Mr. Justice Aldrey, and it was said:

"The Code of Civil Procedure, which governs the prosecution of civil proceedings in the district courts, establishes in section 75 to 86, inclusive, rules fixing the place of trial of cases and the instances in which they should be transferred to another district court. These rules are applicable to the municipal courts, inasmuch as section 3 of the Act of 1904 reorganizing the judiciary provides that all proceedings in the municipal courts shall be conducted according to the rules and proceedings in force in the district courts. It is true that as the Code of Civil Procedure was adopted for the district courts, it refers to transfers from one district court to another, but as the said code governs the municipal courts also in proper cases, it must be understood that the transfer is from one municipal court to another of equal jurisdiction, in order to comply with the provision that personal actions, like the present, should

be tried in the municipal district where the defendant resided at the commencement of the action, and may be transferred to that district if brought in another municipal district and a transfer is asked for in accordance with the law. . . .''

And long before that time the same question had been similarly decided, at least impliedly, in the cases of *Ortiz* v. *Gómez*, 21 P.R.R. 480, and *Almenas* v. *Iriarte, Municipal Judge et al.*, 29 P.R.R. 352.

The second question to be considered is whether or not the defendant, by not presenting her application for a change of venue at the time she appeared in order to answer the complaint or demur thereto, submitted herself to the jurisdiction of the court in which the action was brought.

An examination of the facts in the case of *Aponte* v. *Atlas Commercial Co., et al.*, 27 P.R.R. 228, which followed the doctrine laid down in *Busó* v. *Borinquen Sugar Co.*, 19 P.R.R. 337, shows that they were identical with those in the instant case. By applying the principles established in those cases the only proper decision herein would be to affirm the judgment appealed from. But the appellant invokes a subsequent case, that of *Ramos* v. *Lloveras*, 36 P.R.R. 616, and maintains, correctly in our opinion, that it decides the question involved in her favor.

It is true that, according to the syllabus, said case only decides that ''A motion for a change of venue on the ground of residence in another district, there being no suggestion that it is clearly frivolous or obviously dilatory, must be disposed of before the case is heard or judgment rendered''; and in the body of the opinion it is said: ''Herein, of course, we are not confronted with any element of waiver or of implied submission as was the case in *Busó* v. *Borinquen Sugar Co., supra; Ortiz* v. *Gómez*, 21 P.R.R. 480, and *Aponte* v. *Atlas Commercial Co. et al.*, 27 P.R.R. 228.'' But if a careful study is made it will be seen that, after an examina-

tion of the origin and significance of the law and of the jurisprudence, the opinion concludes thus:

"If the words 'at the time he answers or demurs' are construed in accordance with the spirit and purpose of the provision now under consideration to mean 'at or before the time he answers or demurs,' then the conclusion reached by the California Code commissioner is a matter of small importance. But the use of the words 'appears and' contained in the previous enactment was and is significant as indicating the thought uppermost in the minds of the earlier legislators, however awkwardly expressed, to wit, the time of a defendant's first appearance, whether by answer, demurrer or otherwise. None of the cases cited militate against the idea of a time limit and waiver as the underlying principle of the statutory restriction upon a defendant's right, otherwise absolute, to a change of the place of trial, and most of the decisions in so far as they point in either direction tend to sustain that theory."

Since this viewpoint permits a franker recognition of the right that the lawmaker allows the litigants to have the action tried in the proper place, and does not submit a party when to be submitted was clearly not his intention, we adhere to it again. And in order to leave the point entirely clarified, we now hold that the cases of *Aponte* v. *Atlas Commercial Co.*, 27 P.R.R. 228, and *Busó* v. *Borinquen Sugar Co.*, 19 P.R.R. 337, and all others following them are revoked in so far as they are in conflict with the rule in force in this jurisdiction, as set forth in the case of *Ramos* v. *Lloveras*, 36 P.R.R. 616, namely: *That a motion for change of venue should be made at the time of a defendant's first appearance, whether by answer, demurrer, or otherwise*, as was done in the instant case by filing a motion to strike.

This would dispose of the appeal if the only ground of opposition to the change of venue had been the submission of the defendant. But it was otherwise. We know that it was also urged that the affidavit of the petition was not sufficient, that the action brought was not of a purely personal nature, that the property which was the object of the litiga-

tion is situated in Ponce, and that all of the documentary evidence is there, and that the witnesses reside in said city.

We may dispense with the question regarding the affidavit as unimportant, in view of the attendant circumstances and the jurisprudence on the matter, and we are bound to disregard the question relating to the evidence and the residence of the witnesses as this is not the proper time to raise it; but it is necessary to consider and decide whether or not the·case should be governed by subdivision 1 of section 75 of the Code of Civil Procedure, which provides as follows:

"Section 75. Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

We have not had the benefit of a discussion of this question by the parties. The plaintiff limits herself to asserting her right. It seems that she relied completely on the question of the submission. The defendant maintains that a claim of homestead, after the eviction, is a claim for a money judgment, and hence a personal action, and cites the cases of *Hedilla v. Monagas, et al.*, 38 P.R.R. 24, and 29 C.J. 783.

In the case of Hedilla, *supra*, the court speaking through Mr. Justice Wolf said:

"With respect to the main contention we feel bound to hold that after a person having a right of homestead is ejected from the property under the summary proceeding of the Mortgage Law he has no right to make an appearance in the said mortgage proceeding to set up a claim for the distribution of the $500 belonging to him. The mortgage proceeding here was entirely complete and determined. Of course there was no question of interruption as the proceedings were completed and we think there can be no question of a retrocession to consider the claim of the petitioner. The claim for a

payment of $500 is now a money demand, even though a lien on the property exists. A separate suit should be filed against the proper person to recover the amount claimed.''

What was decided was that a plenary action independent of the summary proceedings by virtue of which the parcel had been foreclosed should have been filed. The question now raised was not decided.

The citation from Corpus Juris says:

"A homestead possesses none of the essential requisites of a conveyance; it is merely a right or privilege given by constitutional or statutory provisions.

"It is a purely personal right which can be exercised only for the benefit of the debtor and his family." 29 C. J. 783, 784.

In a paragraph preceding the above the same authority says:

"The homestead interest depends entirely on organic or statutory provisions, nothing like it being known at common law; and there can of course be no greater right in the homestead property than is created by these provisions. Because of the difference in the wording of the homestead laws in the various jurisdictions, the interest created thereby differs widely." 29 C. J. 783.

And in the succeeding paragraphs it says:

"The homestead provisions do not create a new title, or disturb the fee simple title or equitable title in the land itself. Nor do they strengthen or enlarge the title already existing. Only the use of the property is changed, and not the title itself. They do not create any interest in the property where the parties claiming homestead have no title or interest therein; nor do they constitute a defense to an action to quiet title, or to an action of ejectment.

"In some jurisdictions the view is taken that the homestead interest is not an estate at all, but merely an exemption, which operates to prevent the use of the process of the court to sell certain property for the payment of debts. In other jurisdictions, the homestead right is considered an estate in land, vested in, the person designated by law, and is variously characterized as a 'fee,' a 'freehold estate,' a 'life-estate,' and a joint tenancy with the right of survivorship as between husband and wife.

"In other jurisdictions, without classifying the interest more definitely, it has been held that the homestead interest is something more than a mere privilege and amounts to a right, and that the homestead right, while perhaps not a new estate transferable by a conveyance, is an interest or right in the home indeterminate in duration and so far vested in the owner as to be beyond the reach of the legislature to repeal the law creating it."

The Puerto Rican statute is to be found in the Laws of 1903 and in the Compilation of 1911, p. 230. A study of it shows that if the right of the householder as such is recognized it is always in connection with real property.

Ground is not lacking for the appellant's contention that the action becomes a money demand after the eviction, but here, although it is true that the sum of $350, which is the value of the house sold, is claimed in a subsidiary way, it is prayed in the first place that a property right be recognized, that the attachment and the sale be annulled, and that the property be restored to said appellant. It all revolves around real property and it seems to be included in subdivision 1 of section 75 of the Code of Civil Procedure, since the right claimed covers not a part but the whole of said property.

That being so, the litigation should take place in the Municipal Court of Ponce and, therefore, the requested change of venue did not lie. The appeal must be dismissed and the judgment appealed from must be affirmed.

Mr. Justice Wolf, concurring.

Some time ago, in the case of *Rivera v. Aybar*, 32 P.R.R. 504, I dissented from the opinion of the court granting a change of venue from a municipal court to another, and reference may be had to that case.

In the instant case, however, even supposing that such a change of venue lies, I maintain that the defendant did not put herself in a position to obtain it.

Section 82 of the Code of Civil Procedure provides:

"If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

In the instant case, Ana María Manescau, defendant in a suit filed in the Municipal Court of Ponce, appeared to ask that certain features of the complaint filed by Carmen Ramírez be stricken and that the case be transferred to the municipal district where the defendant resided. Ana María Manescau did not answer or demur to the complaint and the motion to strike was her first appearance in the case. As appellant in this court, Ana María Manescau maintains that she had a right to a change of venue before answer or demurrer on filing the demand, the affidavit of merits and the motion to strike.

Taking section 82 in its literal significance, there is no question in my mind that the only moment at which a defendant in a transitory action or one not purely local may move for a change of venue is at the time he answers or demurs. As it seems to me, this is the plain meaning of the words of the statute. Without regard, for the moment, of the history and interpretation put upon a similar statute in California, Washington, and elsewhere, at first blush we should say that such is the interpretation that should be put upon the statute. This contention is strengthened by the translation made of the said section in Spanish, which is as follows:

"Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

This was the construction that this court put upon said section in *Torres et al.* v. *Torres et al.*, 16 P.R.R. 334; *Busó*

v. *Borinquen Sugar Co.,* 19 P.R.R. 337; *Ortiz* v. *Gómez,* 21 P.R.R. 480; and *Aponte* v. *Atlas Commercial Co. et al.,* 27 P.R.R. 228. That is also the tendency of *Gómez* v. *Board of Examiners, etc.,* 40 P.R.R. 635.

It is proposed, however, to reverse the jurisprudence established by this court by reason of the opinion rendered in the case of *Ramos* v. *Lloveras,* 36 P.R.R. 616. Certainly, as was said in *Ortiz* v. *Gómez, supra,* when a defendant complies with section 82 of the Code of Civil Procedure the obtaining of a change of venue is not discretional in the court but is a right. Nevertheless, under numerous decisions, while a right exists it is also a privilege that may be abandoned. Although some of the decisions and the case of *Ramos* v. *Lloveras* indicate that such a right should be liberally construed to favor the purpose of the statute, this question of liberality, considering the whole section, is not to be understood necessarily in favor of either the plaintiff or the defendant.

The object of the statute is obviously twofold. As I have said, its purpose is to give the defendant the right to a change of venue under certain circumstances, but its plain meaning is also to prevent unnecessary and burdensome delays.

From the somewhat superficial examination that I have made of the historical precedents, there was a time when it was difficult to sue anybody in an action unless the suit was brought in the place where the facts arose and sometimes then it was difficult to obtain jurisdiction of the defendant if he did not live there. It was a step in advance to permit the defendant in transitory actions to be sued wherever found. Litigation was thus furthered. Then came the remedial provisions of the codes of various states, of which section 82, *supra,* is a counterpart.

It is to be noticed that when either of the parties moves to change the place of trial for the convenience of the witnesses, the law is today that such a motion can not be made

until answer filed, inasmuch as the court can not reach any definite conclusion about the convenience of the witnesses before it knows what is the issue between the parties. Similarly, I maintain that the court can not know that the motion for a change of venue is a genuine one until after answer or demurrer filed on the faith of a party, when through his affidavit of merits or otherwise the court may reach the conclusion that the motion is not made for the purpose of delay or to hinder or thwart the plaintiff. Section 82 of the Code of Civil Procedure was not framed merely to allow a defendant to insist upon a change of the place of trial. It was also enacted to prevent undue delays.

Recurring again to the literal meaning of section 82, we said in the *Busó* case:

"As may be seen, according to the Spanish text of the section above transcribed, it emphatically requires that the motion for a change of venue shall be made at the time of appearing to answer or demur and according to the English text, at the time that the moving party appears and answers or demurs to the complaint. . . .

"The appellant contends that the joining of a demurrer or an answer to a motion for a change of venue is not an indispensable requisite, but that the filing of the motion for a change of venue at the time of making the first appearance is sufficient, as was done in this case. This defense is inadmissible because it is contrary to the clear and express provisions of section 82 of the Code of Civil Procedure, from whose literal text we can not deviate, as will be seen from section 13 of the Civil Code:

" 'When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded under the pretext of fulfilling the spirit thereof.' "

Examining the jurisprudence of the State of California, I do not find a single case that has permitted a defendant to obtain a change of venue until he has appeared and answered or demurred. The principal case on this point is *Cook* v. *Pendergast,* 61 Cal. 72. In the body of that opinion the court says:

"Section 396 of the Code of Civil Procedure provides, in effect, that a defendant may be held to have waived his right to a change of the place of trial on the ground that the action has not been commenced in the proper county, unless at the time he first appears either by answer or demurrer, he files an affidavit of merits, and demands in writing a transfer to the proper county. . . .

"Section 396 has changed the rule, if it ever was a rule, which required the motion, or notice of the motion, in all cases to precede or accompany the answer or demurrer. The prohibition of a motion on the ground that 'the county designated in the complaint is not the proper county,' except where the affidavit is filed and the written demand made when the answer or demurrer is filed, is itself a permission that a motion on any other statutory ground may be made by defendant, without the affidavit and demand, within a reasonable time after his appearance. Else why is the prerequisite made applicable to motions made upon the ground particularly mentioned. (*Expressio unius, etc.*) It has always been held that such motions, being dilatory, must be prosecuted with diligence."

It is perfectly true that in that case there was no attempt to obtain a change of venue before answer or demurrer. The case turned on a different point. Nevertheless the dictum of the court in the body of the opinion is that the demand for a change of venue must be made upon answering or demurring.

The case is sometimes cited by commentators to the point that the motion for a change of venue must be made at or before the time for answering. These words at the end of the opinion, it seems to me, were a mere inadvertence on the part of the court. What the court decided in that paragraph of the opinion was that the plaintiff could not demand a retention of the case on the ground of the convenience of the witnesses before the defendant had answered, and the word "before" in the said paragraph had nothing to do with the matter under decision.

In *Wood, Curtis and Co.* v. *Herman Mining Co.*, 139 Cal. 713, it was distinctly held that the defendant must appear by answer or demurrer and that if he does either he is entitled to be heard on his motion. The court there suggests that

the defendant might also file a motion to strike along with his answer or demurrer. Again, the exact issue before us was not involved.

*Wadleigh* v. *Phelps*, 147 Cal. 542, decided that a defendant who made his motion for a change of venue after he had answered or demurred, had lost his privilege. The court, however, said: "Such demand and application must be made at the time of his first appearance, either by answer or demurrer."

In *Nicholl* v. *Nicholl*, 66 Cal. 36, the court said:

"The affidavit of merits and demand that the trial be had in the proper county, which were filed before the defendant answered or demurred, were wholly inconsequential. To be of any avail, such affidavit and demand must be filed when the defendant appears and answers, or demurs."

The opinion was not rendered by an individual judge in the name of the court, but by the whole court. This, however, does not affect the force of the ruling. Apparently the defendant there did two things. He moved for a change of venue before he answered or demurred, but he also afterwards demurred and asked for a change of venue. The court below granted the change, and on appeal it was decided that the original motion was unavailing, but that the later motion should prevail.

In *Palmer* v. *Barclay*, 92 Cal. 199, the question decided was whether an insufficient affidavit of merits could be amended under section 473 of the Code of Civil Procedure of California which corresponds to section 140 of our Code. The court decided that such an amendment might be made. In the course of the opinion the court, first quoting the section that corresponds to section 82 of our Code of Civil Procedure, said:

"The appellant contends that the court erred in granting the motion, for the reasons that the first affidavit was insufficient, and the second could not be considered, because, as said in *Nicholl* v.

*Nicholl,* 66 Cal. 37: 'To be of any avail, such affidavit and demand must be filed when the defendant appears and answers or demurs.' "

In other words, the court cites *Nicholl* v. *Nicholl* as the accepted jurisprudence.

This brings me to another point. Where a matter of practice has arisen, the Bar and the Bench of any state know it. Frequently the practice is known to the whole profession, but no trace of such practice appears in the jurisprudence of the state. Partially for this reason it is so difficult for a lawyer of one state to practice law in another, even if he searches all the jurisprudence. Local counsel are almost invariably necessary.

The case of Nicholl, *supra,* has been accepted by all the commentators on the Code that I have been able to find, e.g., Bancroft and California Jurisprudence. So true is this that the words "and appears" have been stricken from the California Code of Civil Procedure as superfluous. 2 Bancroft, Code Practice and Remedies, page 1461, note 14; 25 Cal. Jur. 896, 897, note 18.

The jurisprudence of Montana apparently bears out the conclusions at which I have arrived. *Danielson* v. *Danielson,* 203 Pac. 506; *O'Hanion* v. *Great Northern Ry. Co.,* 245 Pac. 518.

The State of Washington appears to hold in favor of the contention of the appellant. If, however, one examines the reason of the jurisprudence of that state, it is far from satisfactory. The first case that I have found is *State ex rel. Cummings* v. *Superior Court,* 32 Pac. 457. Syllabus No. 2 says:

"Where the defendant, at the time of demanding a change of venue, files an affidavit of merits, and a demand for a bill of particulars, and, on such bill of particulars being furnished him, files his answer, the statute is sufficiently complied with."

What the case essentially decides is that a defendant may appear and ask for a bill of particulars, and if subsequently

he files his answer, this is a sufficient compliance with the statute. The court says:

"It is possible that, even after the filing of the demand and of the affidavit of merits, the court would be justified in holding the cause until the issues had been made up; but after such demand had been made, and the affidavit of merits filed, the right to try the case was taken from the court, and, at most, it could only hold it until it had been settled by the pleadings that there was an issue for trial."

*State* v. *Superior Court,* 168 Pac. 164, quotes from *Cummings* v. *Superior Court, supra,* and treats the earlier case as if it had definitely decided that a defendant was entitled to a change of venue on filing a notice of appearance. The court reasons that there are a number of motions to be made preliminarily to the filing of an answer or demurrer, and hence the defendant should not be deprived of his right to make anyone of the said motions. But no satisfactory reason is given, to my way of thinking, for abandoning the plain language of the statute.

Other cases from the State of Washington are: *State ex rel. Owen* v. *Superior Court,* 187 Pac. 708 and *State ex rel. Redlinger* v. *Superior Court,* 193 Pac. 676.

In other words, the whole jurisprudence of Washington was built up, as I see it, from a mistaken interpretation of the first case.

Indeed, I might agree with the jurisprudence of the said earlier case to the effect that a defendant may appear in the court in which he is sued and ask for any preliminary action that he requires to frame his answer or his demurrer, but he is only entitled under the statute to a change of venue when he answers or demurs. This would mean that the conjunctive contained in the words "when he appears and answers or demurs" could be interpreted as establishing the fact that the moment for answering or demurring could, for the purposes of preparing for either step, be deferred, but

that the right or privilege to a change of venue does not arise until the answer or the demurrer is actually filed.

I am authorizing to state that, with the exception of the first paragraph, Mr. Justice Aldrey agrees with this opinion.